FREEMAN, LEE, and McFIE, JJ., concur. O'BRIEN, C. J., did not sit in this case.

---

[No. 421.   August 20, 1891.]

## LARKIN F. BELL ET AL., APPELLEES, v. MINOR M. GAYLORD AND THEODORE W. HEMAN, APPELLANTS.

ATTACHMENT—SERVICE OF PROCESS—SUFFICIENCY OF.—Process in attachment served upon a resident defendant, in his absence, by delivering a true copy of the original to some person over fifteen years of age, residing at the usual place of abode of such defendant, is sufficient under section 1898, Compiled Laws; service by publication is not necessary in such case. Spiegelberg v. Sullivan, 1 N. M. 575.

ID.—NOTICE OF LIS PENDENS—MECHANICS' LIEN—PRIORITY.—Section 1853, Compiled Laws, providing that, in all actions in the district court "affecting title to real estate," the plaintiff may file in the probate court a notice of his suit pending, authorizes the filing of such a notice where real estate is seized under a writ of attachment. By such seizure the plaintiff in attachment acquires a lien on the property attached, from the time when such notice is filed with the probate clerk, which has priority over any claim of lien upon the property for work done after that time, under section 1523, Compiled Laws.

APPEAL, from a judgment in favor of plaintiffs, from the Fourth Judicial District Court, Lincoln County. Judgment reversed.

The facts are stated in the opinion of the court.

WARREN & FERGUSSON for appellants.

W. Y. HEWITT for appellees.

McFIE, J.—The record in this case presents a contest for priority between a lien by attachment and a mechanic's lien.    From the facts agreed upon and stipulated, it appears that the appellant, Theodore W. Heman, in the district court for Lincoln county, on the twentieth day of February, A. D. 1883, brought suit in assumpsit by attachment against Minor M. Gaylord, and on the twenty-third day of February, 1883, the sheriff of said Lincoln county attached, among other property, the Rockford mining claim, situated in Lincoln county, New Mexico, and which was at the time the property of said Minor M. Gaylord, and served notice of the suit upon Gaylord, as required by law, the same day.    On the twenty-eighth day of February, 1883, notice of suit pending was filed by appellant, as provided in section 1853, Compiled Laws, 1884.    Appellant recovered a judgment in the attachment suit, May 19, 1884, for $5,325, and the property involved in this suit was sold, the appellant becoming the purchaser, receiving a deed for the premises, and entering into possession of it.    There was no appeal from the judgment in the attachment suit, nor were the appellees in this cause parties to the attachment proceeding. The appellees, Larkin F. Bell, Robert Quaye, Alexander Benford, Samuel McLeod, Benjamin F. Wilson, William Burris, and Abraham S. Warren joined in a suit in chancery to foreclose liens which they claimed for work alleged to have been done upon the mining claim in controversy, being the same property purchased by appellant under attachment proceedings.    It is stipulated in the record "that no part of the labor performed by complainants, or any of them, took place

or begun sooner than the beginning of summer in 1883, and that all of the complainants were employed by said Minor M. Gaylord, the owner of said Rockford mine, without the knowledge or consent of the appellant, Theodore W. Heman." Gaylord and appellant were made respondents, and the court below held the service of process and notice of suit pending insufficient, and entered a decree in favor of the appellees, and declaring a lien upon the property. The cause is in this court by the appeal of Theodore W. Heman, the attaching creditor. The record does not disclose all of the proceedings in the court below, either in the attachment proceeding or in the case here, and in determining the case we will consider all of the proceedings in the court below regular that are not disclosed or properly excepted to. The appellant contends that the court below erred in holding the sheriff's return of service of process insufficient, and that the notice of suit pending was insufficient; and indeed it is apparent from an inspection of the record that the court so held, else it could not have entered the decree complained of. If the court below had jurisdiction in the attachment proceeding, the judgment, and the sale and the conveyance under it, were regular and valid, no appeal having been taken by the defendant in that case.

It must be taken as agreed between the parties that, in the court below, the appellant set up his title to the real estate in controversy by virtue of his purchase under the attachment proceeding, and offered necessary proof to sustain it, as the fact of judgment, sale, and purchase by appellant are referred to in the stipulation. The only contention is that relating to service and notice of suit pending; and counsel have so presented the cause in argument in this court. In Cooper v. Reynolds, 10 Wall. 308, it was held that, "when a judgment of a court is offered in evidence collaterally in another suit, its validity can not be ques-

tioned for errors which do not affect the jurisdiction of the court that rendered it; and where there is a valid writ and levy, a judgment of the court, an order of sale, and a sale and sheriff's deed, the proceeding can not be held void when introduced collaterally in another suit." No objection is made to the writ of attachment in the court below nor in this court, and the sheriff's return shows that he levied the writ of attachment upon the property in controversy some months prior to the time the appellees began the work for which they claim a lien; therefore, when the levy was made, an inchoate or conditional lien attached in favor of the appellant, subject to consummation by the rendition of a valid judgment. When the judgment was rendered, it related back to and established the lien acquired by the seizure of the property, February 23, 1883, if the court had jurisdiction. Jurisdiction has reference to the power of the court over the parties, the subject-matter, and over the res or property in controversy. Jurisdiction of the person is obtained by the service of process, or by the voluntary appearance of the party in the progress of the cause. Jurisdiction of the res in an attachment proceeding relating to real estate is obtained by a seizure of the property by virtue of a valid writ of attachment within the territorial jurisdiction of the court. That the court had jurisdiction of the subject-matter is not questioned, but that the court had jurisdiction of the person in the attachment proceeding is denied .

The first error assigned is: "The court below erred in holding the sheriff's return of service of process insufficient in law." It is competent for each state and territory to prescribe the mode of bringing parties before its courts, and the regulations made for that purpose are binding upon its own resident citizens. It is undoubtedly competent for the legislature to prescribe such modes of judicial proceeding as it may deem proper, to direct

ATTACHMENT: service of process upon resident defendant.

the manner of serving process, and the notice which shall be given to defendants. The legislature has prescribed the manner in which process shall be served in this territory, and in attachment cases. Section 1935, Compiled Laws, provides that "the writ or other lawful statement of the cause of action shall be served on the defendant ;as an ordinary citation." As to the manner of serving ordinary process upon resident defendants, section 1898, Compiled Laws, provides: (1) "By reading the original process to the defendant, and delivering a true copy, if required;" (2) "by delivering a true copy of the original process to the defendant;" (3) "if the defendant be absent, by delivering a copy of the original process to some person residing at the usual place of abode of the defendant, over fifteen years of age." The sheriff's return of service is as follows:

"I have served the within writ of attachment by delivering copy of the same, with a copy of the declaration and affidavit, to Minor D. Gaylord, son of the defendant, a person over the age of fifteen years, at the defendant's place of residence in Lincoln county; and I have attached all the right, title, and interest of the defendant in and to the following mining claims in Nogal district, Lincoln county, New Mexico, viz.: 'Rockford,' 'Clipper,' 'North Home,' 'Cashier,' 'Pennsylvania,' 'White Rose,' 'Roschelle,' 'Black Swan,' 'Twin Brothers,' 'Plymouth,' 'Valley Lode,' 'Gaylord Placer,' and I have served the schedule of the property attached by leaving a list thereof with the said Minor D. Gaylord, and notice thereof at the premises.

(Signed)      "JOHN W. POE, Sheriff.

"By JAMES R. BRENT, Deputy.

"Lincoln County, February 23, 1883."

The objection to the service as shown by the returns is that the writ was not served upon defendant, but by leaving copy at defendant's usual place of abode, and that notice by publication was not given. That this

service was sufficient is not an open question in this territory. In the case of Spiegelberg et al. v. Sullivan, 1 N. M. 575, it was held that "service of an attachment issued on an affidavit showing that the defendant has absconded and absented himself from his usual place of abode may be made by leaving a true copy thereof at the usual place of abode of the defendant with some free person over the age of fifteen years, and publication is not necessary." The provisions of law as to service in that case were similar to the provisions of sections 1898 and 1935 above set out, except that the word "free" is omitted from section 1898. It is true that the affidavit in that case alleged that the defendant had absconded and was absent from his usual place of abode; but as the affidavit in this case is not before the court, and there is no suggestion that the proper affidavit was not filed, it must be presumed that the proper affidavit was filed as a basis for the service made in a collateral attack upon the attachment proceeding. It follows that the service was sufficient, and that service by publication was not necessary to confer jurisdiction upon the court. The court, having jurisdiction both of the person and subject-matter, properly gave judgment for the appellant, and ordered the sale of the property attached to satisfy the judgment. When the appellant purchased the property at such sale (as it is agreed he did) and obtained a deed for the same, he became the owner of it to the full extent of the interest of the defendant Gaylord, at the time of the seizure and attachment, and it is admitted he was the sole owner of the property at that time.

The second assignment of error is: "That the court erred in holding the notice of suit pending insufficient in law." The record is very meager, and does not point out any specific objection made in the court below, but enough is gathered from the record and briefs of counsel to show that, in the court below, the appellees in

NOTICE of lis pendens: mechanics' lien: priority.

this court insisted that, although "notice of suit pending" was filed with the probate clerk as required by law, still it was notice to them, as the law did not authorize the filing of his lis pendens in an attachment proceeding. Section 1853, Compiled Laws, provides that, "in all actions in the district courts of this territory affecting title to real estate in this territory, plaintiff, at the time of filing his petition or complaint, or at any time thereafter before judgment or decree, may file with the clerk of the probate court in each county in which the property may be situate a notice of the pendency of the suit. * * * " The appellees contend that the attachment proceedings did not "affect the title to real estate," within the meaning of the statute. The language of the section above referred to is very plain, and sufficiently comprehensive to embrace "all actions in the district courts" affecting the title to real estate, whether at law or in equity. That notice of suit pending may be properly filed in an attachment proceeding depends upon whether or not specific real estate has been seized on, or is the res of the proceeding. In this case real estate was seized under the writ of attachment, and was rendered subject to the order of the court to the extent of sale and conveyance of the property. The title was, within the meaning of section 1523, Compiled Laws, "affected," and lis pendens was properly filed by the appellant. The appellees were chargeable with full notice of the attachment suit, and that it was a lien upon the property attached from the time when the notice was filed with the probate clerk of Lincoln county, February 28, 1883. Such being the case, appellees had no legal right to a lien upon the property for work done upon it, unless by virtue of the provisions of the mechanics' lien law. Section 1523, Compiled Laws, is as follows:  "1523. The liens provided for in this act are preferred to any lien, mortgage, or other incumbrance which may have

attached subsequent to the time when the building, improvement, or structure was finished, work done, or materials were commenced to be furnished; also, to any lien, mortgage, or other incumbrance of which the lienholder had no notice, and which was unrecorded at the time the building, improvement, or structure was commenced, work done, or the materials were commenced to be furnished." It is clear that the appellees are not entitled to a lien under this section, for it is agreed that the attachment suit was commenced and the property seized some months prior to any work being done by appellees for which they claimed the lien; and, second, they had notice of the prior lien before any work was done by them. If it is contended that the lis pendens did not charge them with notice because it was unrecorded, a perfect answer to that is that the statute does not require notice of suit pending to be recorded. The "filing" of such notice is sufficient, and complies with the requirements of the law.

The court below permitted the appellees to attack the judgment in attachment collaterally, which could only be done in case of absence of jurisdiction in the court which rendered the judgment. The service and notice alone were questioned, and held insufficient to confer jurisdiction, and the court decreed a lien upon the property in controversy in favor of appellees. We are of opinion that the service of process was sufficient to confer jurisdiction; that the notice of suit pending was valid; and as the appellant had a prior lien which had ripened into ownership, the property was not subject to the lien of the appellees. The court below erred in holding service of process and notice of suit pending insufficient, and in granting the decree complained of. The decree of the court below is reversed.

O'BRIEN, C. J., and LEE, SEEDS, and FREEMAN, JJ., concur.