[No. 475.   On Rehearing, February 28, 1893.]

WILLIAM GARLAND, PLAINTIFF IN ERROR, v. SPERLING BROTHERS, DEFENDANTS IN ERROR.

GARNISHMENT—CONTRACT, ADMISSION OF EVIDENCE AS TO CHANGE IN THE TERMS OF, AFTER SERVICE OF GARNISHMENT PROCESS.—In its former opinion in this cause, rendered at the August term, 1892 (6 N. M. 623), the court said, in substance, that, if either of the parties to the contract in evidence was legally garnishable at the suit of the judgment creditor, the trial court was correct in excluding all offers of proof as to any change in its terms, made after the service of the garnishment process. The court is not to be understood, by this, as holding that parties are deprived of any rights, after being garnished, which they had before, as to the correction of errors or mistakes arising out of the transaction creating the indebtedness. While the service of such process stops or suspends the

right of the debtor to liquidate his indebtedness, as he could have done before such service, it does not prevent him from correcting, honestly and in good faith, errors or mistakes, discovered to exist between him and his creditor, as to the amount of such indebtedness, or the time, or manner of its payment; and if the garnishee has the right to do so, he has the right, when garnished, to prove it upon the trial.

ERROR, from a judgment for plaintiffs, to the Fifth Judicial District Court, Socorro County. Rehearing denied.

The court states the case upon the rehearing.

WARREN, FERGUSSON & BRUNER for plaintiff in error.

W. B. CHILDERS for defendants in error.

Upon the argument of this case it was substantially admitted, by counsel for plaintiff in error, that the effect of the contract of October 20, 1887, was to make the garnishee a debtor of the Short Horn Cattle Company, and the point was not argued by defendants in error.

If Garland became indebted to the company, at any time between the service of process and the filing of his answers, he is liable as garnishee. Comp. Laws, sec. 2195; Id., sec. 1937.

O'BRIEN, C. J.—This case, as reported in 30 Pac. Rep. 925, has been carefully considered by this court; the judgment against the plaintiff in error, the garnishee in the court below, reversed, and the cause remanded. Defendants in error now present a motion for a rehearing, and in their brief allege the following reasons in support of their motion: "(1) The decision of the court is made entirely upon a point not presented by counsel, either in their briefs or oral arguments. (2) The court holds that the contract of

October 20, 1887, did not put the plaintiff in error in the position of a debtor to the Short Horn Cattle Company. (3) The court holds that it was necessary, in order to sustain the garnishment, to show that Garland was a legal debtor of said company, at the time of the service of process upon him. (4) The court is in error in stating that the contract of October 20, 1887, gave the garnishee power to foreclose the mortgage in case the company was unable to pay the debt, or voluntarily convey the property. (5) The effect of the contract of October 20, 1887, was to entirely abrogate the mortgages or deeds of trust, and to substitute an entirely new and different set of relations between the garnishee and the Short Horn Cattle Company."

We might, for the purpose of this motion, concede that the five alleged reasons of defendants in error are true, and still maintain the correctness of the decision. The legal effect of the "reasons" forms the difference in the opinions entertained by the court and the learned counsel for defendants in error. In disposing of this motion it may be said that there are two classes of contracts, by virtue of which one of the parties thereto assumes an obligation to pay money to the other,—one absolutely, at a fixed time, without any contractual conditions; the other contingently, upon the performance or nonperformance of certain things therein stipulated. The former may be called a contract for the payment of money only; the latter, a contract for the payment of money. The party holding the position of debtor under the former contract may be garnished, but neither of the parties to the latter is subject to such process. The written contract under which it is sought to hold Garland as the debtor of the Short Horn Cattle Company does not purport to impose upon him a legal obligation to pay the company, regardless of its future action, any amount of money whatever. He does not assume liability to pay

upon a condition precedent as the consideration of his liability, but upon a condition subsequent, which may happen or may not happen, according to the will or ability of the party upon whom devolves the fulfillment of such condition. Hence his contractual promise is not one for the payment of money only, but for such payment when the other party to the contract has done or has not done the things therein stipulated. The fifth and sixth paragraphs of the contract mentioned are as follows: (5) "The said party of the second part [William Garland], agrees and binds himself, at the expiration of the nine months from and after the first day of November, A. D. 1887, to buy the property hereinbefore described at the price of one hundred thousand dollars, and, after deducting from said purchase price the full amount of the debt and interest due under the three deeds of trust hereinbefore recited, and the expenses of said party of the second part, under paragraphs two and four of this instrument, with interest thereon at the rate of twelve per cent per annum from the time of disbursing the same until the date of the expiration of the nine months from and after the date of said possession, and to pay to the parties of the first part, their heirs or assigns, the balance in cash." (6) "The said parties of the first part hereby agree and bind themselves to sell, and by good and sufficient conveyances and other assurances of title to convey, to said party of the second part, his heirs and assigns, all of the said property hereinbefore described, at the price of one hundred thousand dollars, to be paid as provided in paragraph five of this instrument; provided, however, that the said parties of the first part shall have the right at any time before the expiration of the nine months from and after the said first day of November, 1887 [August 1, 1888], to tender to the said party of the second part the full amount of indebtedness and interest secured to be paid

by the said several promissory notes and the said three deeds of trust, together with all expenses incurred by the said party of the second part for which he is not reimbursed by sales of cattle, with interest on all such disbursements at the rate of twelve per cent per annum from the time of making such disbursements to the date of said tender, and the actual personal expenses of the said party of the second part, incurred and expended in and about the business of the said ranch, and to demand the surrender of the possession of the said property hereinbefore described, and the cancellation of this contract." (Transcript, pp. 165, 166.) But counsel for defendants in error contends with much persistency that "there can be no doubt from any point of view that on the first of August, 1888, Garland's indebtedness to the company became absolute, certain, and fixed." We can not understand what plaintiff means by employing such language, directly contradicted by the express stipulation of paragraph 6, just cited, wherein it is evident that no such liability could exist until the Short Horn Cattle Company sold and conveyed to Garland the property described in the trust deed. The liability of Garland was not absolute, nor did it arise from a legal liability to pay the company, under all circumstances, any sum of money on the first of August, 1888, or at any other time, on account of a precedent consideration. If the company refused to sell and convey the property to Garland in accordance with terms of the contract, the latter's remedy would be in equity, and not at law. Counsel complains that the effect of our decision in this case will be to encourage fraud and collusion. Where there is no legal right invaded, it is gratuitous to charge fraud. If the law can not always protect deserving judgment creditors, or if courts find themselves unable to afford the desired relief, a part of the blame, at least, often rests with the victims of such misfortunes.

There is language used in the opinion rendered in this case that is liable to misconstruction, and which we will briefly explain. It is said that, if either of the parties to this contract were legally garnishable at the suit of the judgment creditor, the court below was correct in excluding all offers of proof as to any change made in its terms after the service of the garnishment summons. By this we are not to be understood as holding that parties, after being garnished, are deprived of any rights which they had before as to the correction of errors or mistakes arising out of the transaction creating the indebtedness. The service of the process stops or suspends the right of the debtor to liquidate his indebtedness as he could have done before such service, but does not prevent him from correcting honestly and in good faith any errors or mistakes discovered to exist between him and his creditor as to the amount of such indebtedness or the time or manner of its payment. And if the garnishee has a right to do so, he certainly, when garnished, has a right to prove it upon the hearing. In justice to counsel for plaintiff in error we must say that, though the points upon which the case was decided were not very forcibly pressed in the oral argument, they were presented in the court below, and the adverse rulings of that court are properly assigned as grounds of error in this court. The legal principles involved were at least constructively raised, and we can discover no error in their determination. For the reasons stated the motion for a rehearing must be denied.

LEE, McFIE, and SEEDS, JJ., concur.

<div style="margin-left:2em;font-size:small">
GARNISHMENT: contract, admission of evidence as to change in its terms, after service of process.
</div>