487 P.2d 491

**FORREST CURRELL LUMBER COMPANY, Inc., Plaintiff-Appellee,**

v.

**Sam THOMAS and Beatrice B. Thomas, Defendants-Appellees and Cross-Appellants,**

v.

**STANDARD LIFE AND ACCIDENT INSURANCE COMPANY, Intervenor-Appellant and Cross-Appellee.**

No. 9203.

Supreme Court of New Mexico.

July 26, 1971.

Eugene E. Brockman, Tucumcari, for appellant.

Emmett C. Hart, Tucumcari, for Sam and Beatrice Thomas.

OPINION

McMANUS, Justice.

The parties to this action were involved in a previous appeal, Forrest Currell Lumber Company v. Thomas, 81 N.M. 161, 464 P.2d 891 (1970), in which this court upheld a judgment in favor of the lumber company and intervenor, Standard Life and Accident Insurance Company in the amount of $129,952.05. The cause was remanded to the Quay County District Court ordering said court to enter judgment in the sum of $13,000 on the Thomas' counterclaim against Standard because of certain illegal acts of Standard.

After the mandate was received by the Quay County court, a motion was filed by the defendants Thomas, praying that an attorney's charging lien on behalf of Emmett C. Hart, Esq., in the amount of $6,500, be paid out of the $13,000 recovery and declared as a superior lien to any claim of Standard. The trial court declared that an attorney's charging lien be fixed in favor of attorney Hart against Standard, not subject to a set-off by Standard on its judgment against the defendants Thomas. From this judgment Standard appeals.

The parties agree that attorney Hart was employed by the Thomases on a contingency arrangement which provided for 50% of any recovery, as attorney fees, if the matter was determined in the Supreme Court. However, Standard claims error in the trial court's findings of fact Nos. 4 and

5 which granted attorney Hart a charging lien and in holding that such lien was superior to the rights of Standard who claimed the entire $13,000 as a set-off on their judgment against the Thomases.

To be determined is whether this jurisdiction recognizes such an equitable concept as an attorney's charging lien; and, if so, whether such lien takes priority over the set-off under the facts and circumstances of this case. A basic difference between the attorney's charging lien and the often-encountered attorney's retaining lien, is that in the former, possession of the object against which the lien is assessed is not essential. See Prichard v. Fulmer, 22 N.M. 134, 159 P. 39 (1916).

The cases on the subject of priority between set-off and an attorney's charging lien are certainly not completely in accord, but the modern trend is to protect the attorney against such a set-off by holding his charging lien to be superior. We must agree with the federal court applying concepts of New Mexico law in Hanna Paint Mfg. Co. v. Rodey, Dickason, Sloan, Akin & Robb, 298 F.2d 371 (10th Cir. 1962), which held:

"The attorneys' lien claimed in this case is a charging lien, and is an equitable right of an attorney to have the fees and costs due to him for services in a suit secured to him out of the judgment or recovery in that particular suit. The enforceability of the lien is sustained upon the theory that the fund or judgment is the product of the services and skill of the attorney. Such liens are recognized as valid by the law of New Mexico. It is necessary, however, to the existence of the lien that there be a valid contract for fees, either express or implied, entered into between the attorney and his client. The lien of an attorney for services rendered in an action relates back to, and takes effect from, the time of the commencement of the services, when it attaches to a judgment, it is superior to the claim of a creditor in whose favor execution has been levied, or to a subsequent attachment, garnishment, or trustee process, or other liens on the money or property involved, subsequent in point of time.

"With these rules of law in mind, appellees clearly had an attorney's equitable lien upon the judgment fund for their fees. * * *"

In the case at bar, the judgments of all parties accrued at the same time and in the same cause of action, as in the case quoted from above. The judgment obtained by the Thomases on their counterclaim came about as a result of their attorney's efforts. The counterclaim judgment was awarded on the basis of fraud on the part of Standard. Based on all of these facts, the trial judge properly allowed the priority of the attorney's lien. Compare 51 A.L.R. 1278, at 1282; 121 A.L.R. 478, at 491.

The remaining point to be disposed of concerns the cross-appeal of the defendants Thomas regarding defendants' set-off against plaintiffs. When mutual claims of parties have passed into judgments, one judgment may be set off against the other. We consider this to be an absolute right. See Scholle v. Pino, 9 N.M. 393, at 395, 396, 54 P. 335 (1898); 121 A.L.R. 478, at 480, and § 21–8–25, N.M.S.A. (1953 Comp.)

We are of the opinion that a proper disposition of the remaining $6,500, after our above recognition of a $6,500 charging lien, would be a set-off aimed at reducing the deficiency judgment against Thomas.

We affirm. It is so ordered.

OMAN and STEPHENSON, JJ., concur.