490 P.2d 461

**WESTERN STATES COLLECTION COMPANY, Plaintiff-Appellant,**

v.

**Lee W. SHAIN and Loring W. Shain, Defendants-Appellees.**

**No. 9257.**

Supreme Court of New Mexico.

Nov. 8, 1971.

Louis J. Vener, Albuquerque, for plaintiff-appellant.

Cotter, Hernandez, Atkinson, Campbell & Kelsey, Albuquerque, for defendants-appellees.

## OPINION

STEPHENSON, Justice.

The trial court entered judgment on the pleadings in favor of appellees (defendants) and appellant (plaintiff) appeals. We reverse.

Plaintiff sued to foreclose the lien of a judgment. Suit was filed within seven years of the entry of the judgment, but more than four years after a transcript of it had been recorded as a lien. One of defendants' affirmative defenses was that the judgment lien had been barred by the statute of limitations. On defendants' motion for judgment on the pleadings, the trial court dismissed the complaint on that basis.

Judgment liens, which did not exist at common law, were created by § 21–9–6, N. M.S.A., 1953, which, insofar as material, provides:

"Any money judgment rendered in the * * * district court * * * shall be docketed by the clerk of the court in a judgment docket book, and shall be a lien on the real estate of the judgment debtor from the date of the filing of a transcript of the docket of such judgment in the judgment record book in the office of the county clerk of the county in which the real estate is situate. * *"

Section 23–1–2, N.M.S.A., 1953 (1971 Pocket Supp.) provides in pertinent part:

"Actions founded upon any judgment of any court of the state may be brought within seven [7] years from and after the rendition or revival of the judgment, and not afterward * * *."

No statute specifically provides for a period of limitation applicable to foreclosure of judgment liens. By § 23–1–4, N.M.S.A., 1953, a four-year limitation is provided for "all other actions not herein otherwise provided for and specified."

The question here is whether the limitation period for judgment liens created by § 21–9–6 is the seven years under § 23–1–2 or the four years under § 23–1–4.

Another statute worthy of mention primarily because of the efforts of both parties to draw aid and comfort from it is § 21–9–19, N.M.S.A., 1953 (1971 Pocket Supp.) which provides for a simplified procedure for revival of judgments. We are not persuaded that it bears upon the issues here, but rather deals with limitations on and revival of judgments, rather than

ᵗthe limitation period applicable to judg-·ment liens.

Defendants claim that the statute of limitations applicable to judgment liens is the four years provided in § 23-1-4. They concede that should the judgment with which the lien was associated be revived or renewed by a suit filed for that purpose, the lien might be thereafter resuscitated by another compliance with § 21-9-6. Presumably, according to defendants' theories, if the judgment were renewed by the procedures created by § 21-9-19, the lien would be thereby revived without further action, at least as to real estate situate in the county in which the judgment was entered.

Land titles, and rights and liabilities in relation to them, should be as definite and certain as is permitted by statute and the common law. The expiring of judgment liens and their springing to life following a hiatus of up to three years, which could follow adoption of defendants' theories, would result in confusion with attendant unsettling effects. We doubt that the legislature had any such semantical or logical gymnastics in mind in adopting the statutes to which we have referred.

Defendants place their principal reliance on Pugh v. Heating & Plumbing Finance Corporation, 49 N.M. 234, 161 P.2d 714 (1945) and Curtis Manufacturing Company v. Barela, 76 N.M. 392, 415 P.2d 361 (1966).

The learned and interesting opinion in Pugh considered whether the four year or the six year limitation statute (analogizing from the fact that judgment liens are by statute foreclosed like mortgages) applied to judgment liens. It did not really need to consider these questions since the judgment and the associated lien with which it was dealing were both approaching their eleventh anniversary and were barred under any conceivable statute of limitations which might apply. Much of what is said may thus be regarded as dicta, recognized in the opinion itself by the following language:

"All we say in this immediate connection is that the lien is gone when the right to enforce the judgment is gone."

Certainly we have no quarrel with that statement, nor with the holding in Pugh that the lien and the judgment, though related, are separate rights. Such was the holding in Curtis Manufacturing Company, which held that the judgment and judgment lien being separate rights, gave rise to separate causes of action.

Although separate rights and separate causes of action arise from a judgment and a judgment lien, it does not necessarily follow that the latter is not "founded" upon the former within the meaning of § 23-1-2. The existence of a valid judgment is a prerequisite to the existence of the lien. The lien is for the amount of the judgment, secures it and provides a means for its enforcement. Moreover, under Pugh, the lien expires with the judgment. Considering statutory words used in their ordinary way, no unusual or strained construction is involved in regarding a judgment lien as being "founded" on the judgment from which it arises.

Otero v. Dietz, 39 N.M. 1, 37 P.2d 1110 (1934) is persuasive. That case involved a rather complex fact situation but it suffices to say that the court was considering the survival of the judgment lien during the two-year hiatus between the expiration of the five-year restriction on taking out execution on a judgment (which was provided by a statute similar in terms to § 21-9-20, N.M.S.A., 1953, prior to its 1971 amendment) and the seven-year limitation period. Although the applicability of the four-year limitation period was not directly dealt with in the opinion, the court did say:

"* * * [W]hen the Legislature in 1891 said that upon the doing of certain acts by the judgment creditor, there should attach as an incident to his judgment a lien, *we see no reason upon principle for denying the existence of the lien, so long as the judgment itself possesses full vitality*." (Emphasis ours.)

No one seems to have meanwhile thought of any very good reason for taking a different view.

 We hold that the period of limitation applicable to judgment liens is the seven years provided by § 23–1–2, with the important qualification stated in Pugh that the enforceability of the judgment lien expires with the judgment upon which it is founded.

The judgment on the pleadings is reversed and the case remanded for further proceedings consistent with this opinion.

It is so ordered.

McMANUS and MONTOYA, JJ., concur.