653 P.2d 873

**RANCHERS STATE BANK OF BELEN,**
Plaintiff-Appellee,

**United States of America,**
Plaintiff-In-Intervention—Appellee,

v.

**Mary VEGA, Defendant-Appellant.**

No. 14309.

Supreme Court of New Mexico.

Nov. 2, 1982.

Patsy D. Reinard, Rolf A. Melkus, Socorro, for defendant-appellant.

Thomas G. Fitch, Socorro, for plaintiff-appellee Ranchers State Bank.

William L. Lutz, U.S. Atty., Janet R. Braziel, Asst. U.S. Atty., Albuquerque, for plaintiff-in-intervention-appellee.

## OPINION

SOSA, Senior Justice.

This case was brought in the District Court of Socorro County to foreclose a mortgage in favor of Ranchers State Bank of Belen (Ranchers). The United States Government intervened as plaintiff to foreclose a judgment lien against the same real estate. Foreclosure was granted subject to a homestead exemption of $20,000. The court later amended its judgment by decreasing the exemption amount to $10,000. Defendant Mary Vega appeals from the amended judgment. We affirm the district court's amended judgment.

The issue to be determined on appeal is whether a legislative increase in the amount of the homestead exemption may be claimed against a judgment lien which attached prior to the effective date of the statutory amendment increasing the exemption. We hold that it may not.

The New Mexico homestead exemption statute was amended in 1979 to provide a homestead exemption of $20,000 instead of the $10,000 amount previously allowed. 1979 N.M. Laws, ch. 9, § 1 (codified as amended at § 42–10–9, N.M.S.A.1978 (Cum. Supp.1982)). The amendment became effective June 15, 1979. On November 29, 1978, the United States of America obtained a default judgment against Hector M. Vega for the sum of $9,904.25 plus interest at 6⅝% from September 26, 1978, until paid. On March 1, 1979, a transcript of judgment was recorded in Socorro County, New Mexico. The resulting lien against properties owned by Hector and Mary Vega was foreclosed by judgment of the District Court of Socorro County entered on February 17, 1981, which granted a $20,000 homestead exemption to Mary Vega on one parcel of the real estate foreclosed upon. Ranchers was included as plaintiff in the foreclosure suit although their foreclosure was restricted to a parcel of land not claimed as a homestead and is not at issue here.

On October 23, 1981, Ranchers filed a Motion to Set Aside Order for Sale or for Clarification. The motion was heard on October 28, 1981, the same day set for public sale of the property. The resulting order, entered that same day, stayed the sale due to bankruptcy proceedings. The order also made reference, for the first time, to a possible error in allowing a $20,000 exemption, and the trial court granted Ranchers leave to file a Rule 60(b) motion on that issue. On November 16, 1981, Ranchers filed its formal Motion to Amend Judgment to reflect a homestead exemption of $10,000. On March 29, 1982, the district court decided that the 1979 legislative increase in the homestead exemption from $10,000 to $20,000 would not have retroactive effect upon the November 29, 1978, judgment or the January 5, 1977, note upon which the judgment was based.

Appellant Vega submits that the appropriate time for determination of the amount of the homestead exemption is when it is asserted by a defendant for the first time. Since Ms. Vega first claimed the exemption after the effective date of the statute's amendment, she argues that she should be entitled to claim the greater exemption amount. We disagree. To require

**44**

a creditor to foreclose his lien immediately upon its attachment to a debtor's property in order to preserve his enforcement remedies would destroy a degree of flexibility in business dealings which has proved advantageous to both debtors and creditors.

 Appellees rely on *Edwards v. Kearzey,* 96 U.S. 595, 24 L.Ed. 793 (1877), in which the homestead exemption in force at the time unsecured debts were incurred was held to control the amount of the exemption rather than the exemption statute in force when judgments were recovered against the debtor and docketed to become liens against the property in controversy. The Court ruled that retroactive application of exemption statutes to preexisting creditors violated the contract clause of the federal constitution. *Id.; see* U.S. Const. art. I, § 10. More recent Supreme Court cases which interpret the contract clause have read into contracts not only those statutory remedies available to the parties when the contract was formed, but also the reservation of the reasonable exercise of the protective power of a state. The retroactive application of statutes to preexisting contracts is acceptable when "the legislation is addressed to a legitimate end and the measures taken are reasonable and appropriate to that end." *Home Bldg. & L. Assn. v. Blaisdell,* 290 U.S. 398, 438, 54 S.Ct. 231, 240, 78 L.Ed. 413 (1934). Since the homestead exemption applicable when the Vega contract was created was still in force when the United States' judgment lien attached, we need not reach the constitutional issue.

 Under New Mexico law, a money judgment becomes a lien on the judgment debtor's realty when the transcript of the judgment docket is filed and recorded with the county clerk of the county in which the realty is situated. § 39–1–6, N.M.S.A.1978. *Pugh v. Heating & Plumbing Finance Corp.,* 49 N.M. 234, 161 P.2d 714 (1945). The transcript of the United States' default judgment against Hector M. Vega was recorded in Socorro County on March 1, 1979. The resulting lien attached to the Vegas' entire interest in the real property except their homestead which remained free of the lien. At that point the United States became a secured rather than an unsecured creditor of Hector M. Vega and acquired a vested right in the statutory remedies then available for the enforcement of its money judgment. Failure to foreclose the lien prior to amendment of the homestead exemption provision in no way affects the right. *See Rubalcava v. Garst,* 53 N.M. 295, 206 P.2d 1154 (1949). On March 1, 1979, the applicable homestead exemption was $10,-000. We hold that, in this instance, the statute creating the homestead exemption which was in force at the time the judgment lien attached governs the amount of the exemption.

The amended judgment of the district court is hereby affirmed.

IT IS SO ORDERED.

FEDERICI, J., and MICHAEL FRANCKE, District Judge, sitting by designation, concur.