This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**TASHEENA GRYGORWICZ,**

　　　Plaintiff-Appellee,

v.                                                                 **NO.**　29,770

**CHARLIE TRUJILLO,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sam B. Sanchez, District Judge**

Anthony James Ayala
Albuquerque, NM

for  Appellee

Ray Twohig, P.C.
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Defendant appeals from an order requiring Plaintiff to pay Defendant $30,000 as Defendant's homestead exemption pursuant to NMSA 1978, Section 42-10-9 (1993, prior to 2007 amendment). In our notice of proposed summary disposition, this Court proposed to affirm. Defendant has filed a memorandum in opposition pursuant to an extension of time. We have considered Defendant's arguments, and as we are not persuaded by them, we affirm.

The district court awarded Plaintiff $1.3 million in compensatory and punitive damages for physical harm and emotional distress caused by Defendant's sexual abuse of Plaintiff when she was a child. *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 2, 145 N.M. 650, 203 P.3d 865. Plaintiff sought to collect part of the judgment by foreclosing on Defendant's home. *Id.* Defendant raised his entitlement to a $30,000 homestead exemption, which the district court did not award. *Id.* ¶ 4. Defendant appealed, and this Court determined that the appeal of the foreclosure action was untimely. *Id.* ¶ 5. The New Mexico Supreme Court reversed, concluding that the notice of appeal was timely filed, and held that the district court erred in refusing to award Defendant the $30,000 homestead exemption. *Id.* ¶¶ 9, 12. On remand to the district court, Defendant argued that he was entitled to a $60,000 homestead exemption under the amended statute, and that the district court should set aside the foreclosure decree, sell Defendant's home for a second time, and then reserve the

homestead exemption amount directly from the sale. [RP 1157] The district court rejected these arguments and ordered that Plaintiff pay Defendant a judgment of $30,000. [RP 1157] Defendant appealed.

In this Court's notice of proposed summary disposition, we proposed to hold that the district court did not err in awarding Defendant $30,000, the amount required by Section 42-10-9 (1993, prior to 2007 amendment), as opposed to $60,000, the amount required by Section 42-10-9 (2007). *See Ranchers State Bank of Belen v. Vega*, 99 N.M. 42, 43, 653 P.2d 873, 874 (1982) ("The issue to be determined on appeal is whether a legislative increase in the amount of the homestead exemption may be claimed against a judgment lien which attached prior to the effective date of the statutory amendment increasing the exemption. We hold that it may not."). In Defendant's memorandum in opposition, he concedes that our analysis is correct and no longer seeks reversal based on the amount awarded as a homestead exemption. [DS 4]

However, Defendant continues to argue that once the district court was informed that it should have protected a $30,000 homestead exemption from the original foreclosure, the district court was required to vacate the foreclosure sale, sell Defendant's property again, and this time retain the $30,000. [DS 4-8] In our notice of proposed summary disposition, we noted that Defendant had provided no authority

3

that would suggest that this procedure is required and we proposed to affirm on that basis. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). We indicated that we did not see the applicability of the cases cited by Defendant for the proposition that a homestead exemption is not subject to garnishment or set-offs. In response, Defendant continues to rely on these same authorities. [DS 4-8] We continue to find them inapplicable. Here the district court did not reduce, set off, or garnish the $30,000 to which Defendant was entitled. Instead, the district court ordered Plaintiff to pay Defendant the full $30,000. [RP 1157-58] Therefore, we are not persuaded that the authorities cited by Defendant require the procedure he suggests.

Defendant also suggests that the district court's judgment against Plaintiff, as opposed to Defendant's suggested procedure, is improper because Plaintiff is impecunious and Defendant will not be able to actually recover the amount of the judgment from her. [RP 5] Defendant points to no evidence in the record that Plaintiff is actually impecunious or that he will not be able to enforce the judgment against Plaintiff through the usual means of enforcing a judgment. More importantly, as we have already noted, he cites no case from this or any other jurisdiction, no law review article, no treatise, or any other persuasive authority that would suggest that when a district court erroneously denies a homestead exemption in a foreclosure

action, a reversal on appeal of the ruling regarding the exemption requires that the original foreclosure order be vacated, the property sold once again, and the homestead exemption paid from that amount. When a party cites no authority to support a proposition, we may presume that there is none. *See In re Adoption of Doe*, 100 N.M. at 765, 676 P.2d at 1330. As the appellant, it was Defendant's burden to clearly demonstrate that this Court's proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Defendant has not done so.

Therefore, for the reasons stated in this opinion and the notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Judge**



_____
**RODERICK T. KENNEDY, Judge**

5