[Civ. No. 30191. Fourth Dist., Div. Three. July 29, 1983.]

KENNETH COHEN et al., Plaintiffs and Appellants, v.
S & S CONSTRUCTION COMPANY et al.,
Defendants and Respondents.

COUNSEL

Hickey, Neuland, Pardes & Colletta and Richard P. Neuland for Plaintiffs and Appellants.

Stanley D. Prowse for Defendants and Respondents.

OPINION

CROSBY, J.—Plaintiff homeowners appeal the superior court's dismissal of their action as to defendants S & S Construction Company (S & S), developer of the tract in which their home is located, and S & S's sales agent Sam Cupito (Cupito) after the demurrer to the fourth amended complaint was sustained without leave to amend. In a companion appeal,[1] Division Two of this court concluded plaintiffs did succeed in stating causes of action against codefendant homeowner's association, Kite Hill Commu-

---

[1]*Cohen* v. *Kite Hill Community Assn.* (1983) 142 Cal.App.3d 642 [191 Cal.Rptr. 209].

nity Association (Association), for negligence, breach of covenants, breach of fiduciary duty, and breach of the duty of good faith and fair dealing. For the reasons set forth below, we concur and accordingly reverse the judgment of dismissal as to S & S and Cupito.

## I

The issues in the companion appeal were the nature and extent of Association's duty to enforce the Declaration of Covenants, Conditions and Restrictions (Declaration) against plaintiffs' neighbors, the Ehles and Lees,[2] who have allegedly installed fences and landscaping which destroy plaintiffs' premium view, and the Association's potential liability for breach of that duty. These issues are also presented here in the context of whether the developer owed similar duties to plaintiffs. A second issue is whether statements by S & S sales agent Cupito concerning plaintiffs' protected view are actionable as fraud and negligent misrepresentation.

■ ■ ■ ■ The facts are set forth in Division Two's published opinion; we do not reiterate them, except to note the following.[3] Premiums were charged for view lots in the Kite Hill Development. Plaintiffs were induced to pay a $35,000 lot premium based on Cupito's assurances the Declaration protected the view from their lot and the architectural committee would not approve fence or landscaping plans which would interfere with the view. At all pertinent times in plaintiffs' complaint, S & S controlled the Association's board of directors, as provided by the Declaration.[4] The Declaration provides a procedure for establishing an architectural committee to review all fence and landscape proposals,[5] but it was not observed. An S & S employee assumed responsibility for review and approval of these proposals.

## II

The court in the companion appeal found an affirmative fiduciary duty to act in good faith in enforcing the Declaration on the part of the Association.

---

[2]As to the Ehles, plaintiffs complain S & S approved fence and landscape plans which violate the Declaration. The Lees, also adjoining neighbors, allegedly constructed a nonconforming fence without submitting *any* plans to S & S, as required by the Declaration.

[3]A demurrer is tested as though all material facts pleaded by plaintiffs are true. (*Thompson v. County of Alameda* (1980) 27 Cal.3d 741, 746 [167 Cal.Rptr. 70, 614 P.2d 728, 12 A.L.R.4th 701].)

[4]The Declaration gives the developer three votes for each unsold lot in the development.

[5]Article VII, section 2, pages 14-15.

It also concluded the purported exculpatory clauses do not immunize the Association from plaintiffs' suit. *(Cohen* v. *Kite Hill Community Assn., supra,* 142 Cal.App.3d 642, 654-655.) We agree and in addition conclude the Declaration's exculpatory clauses do not immunize S & S from liability.[6]

■ S & S not only authored the Declaration, it also assumed responsibility for its enforcement and administration, e.g., by controlling both the Association's board of directors and procedures for approval of submitted landscape and fence plans. It is of no moment that the Association, a nonprofit corporation, is a separate legal entity. The Declaration provides for monitoring of many of the Kite Hill homeowners' activities. Initially this task is performed by the developer, its agents and employees. The homeowners are particularly vulnerable therefore to mismanagement or carelessness by the developer. Under these circumstances, as a matter of public policy, the exculpatory language in the Declaration does not foreclose the liability of S & S to plaintiffs. *(Tunkl* v. *Regents of the University of California* (1963) 60 Cal.2d 92 [32 Cal.Rptr. 33, 383 P.2d 441, 6 A.L.R.3d 693].)

■ The immunity issue resolved, we proceed to consider the sufficiency of plaintiffs' allegations against S & S. Plaintiffs seek damages for negligence, breach of fiduciary duty, and breach of the duty of good faith and fair dealing, all based on the developer's alleged failure to properly administer and enforce the Declaration. Division Two has already determined these allegations are sufficient as against the Association; and we find them adequate against S & S as well.

A developer's liability to a homeowner's association for breach of the basic fiduciary duty to act in good faith, exercise proper management, and avoid conflicts of interest is well settled. *(Raven's Cove Townhomes, Inc.* v. *Kruppe Development Co.* (1981) 114 Cal.App.3d 783 [171 Cal.Rptr. 334].) This fiduciary duty extends to individual homeowners, not just the homeowner's association. *(Cohen* v. *Kite Hill Community Assn., supra,* 142 Cal.App.3d 642, 652-653.) Efforts by S & S to distinguish *Raven's Cove, supra,* are unavailing. As the court there noted, "a developer . . . may not make decisions for the Association that benefit [its] own interest at the expense of the association and its members. . . ." (114 Cal.App.3d at p. 799.) When the developer and its employees control the association, and the association thus controlled permits mismanagement, the developer may be liable. *(Id.,* at p. 800.) Accordingly, plaintiffs' allegations against S & S in

---

[6]See exculpatory language in article VII, sections 1, 4 and article XVI, sections 4(f), 12.

the eighth, ninth and tenth causes are sufficient, and the demurrer was improperly sustained. (*Cohen, supra.*)

## III

In the sixth and seventh causes of action, plaintiffs seek damages from S & S and sales agent Cupito, for fraud and negligent misrepresentation. Defendants argue Cupito's statements were true and, in any event, nonactionable opinion. We disagree.

■ Generally, actionable misrepresentation must be one of existing fact; "predictions as to future events, or statements as to future action by some third party, are deemed opinions, and not actionable fraud. . . ." (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 447, p. 2712.) But there are exceptions to this rule: "(1) where a party holds himself out to be specially qualified and the other party is so situated that he may reasonably rely upon the former's superior knowledge; (2) where the opinion is by a fiduciary or other trusted person; [and] (3) where a party states his opinion as an existing fact or as implying facts which justify a belief in the truth of the opinion." (*Borba* v. *Thomas* (1977) 70 Cal.App.3d 144, 152 [138 Cal.Rptr. 565].) Examples of actionable statements under these exceptions include a sales agent's representation that a condominium with structural defects was nevertheless luxurious and an outstanding investment (*Cooper* v. *Jevne* (1976) 56 Cal.App.3d 860, 866 [128 Cal.Rptr. 724]) and a realtor's opinion that the purchaser of a particular lot would have an enforceable access easement. (*Southern Cal. etc. Assemblies of God* v. *Shepherd of Hills etc. Church* (1978) 77 Cal.App.3d 951, 959 [144 Cal.Rptr. 46].)

■ Plaintiffs have pleaded sufficient facts to meet the requisites of each exception. Plaintiffs allege S & S emphasized the development's panoramic views in its marketing and held themselves out as experts in establishing and administering homeowner associations and maintaining the aesthetic integrity of their developments. ■ Moreover, a sales agent for the seller who knows facts "materially affecting the value or the desirability of property offered for sale and these facts are known or accessible only to him and his principal, and [who] also knows that these facts are not known to or within the reach of the diligent attention and observation of the buyer, the broker or agent is under a duty to disclose these facts." (*Cooper* v. *Jevne, supra,* 56 Cal.App.3d 860, 866.)

At this stage we cannot determine whether plaintiffs will ultimately prevail on these allegations, but they have alleged adequate facts to state causes of action against S & S and Cupito for fraud and negligent misrepresentation. (*Mason* v. *Drug, Inc.* (1939) 31 Cal.App.2d 697 [88 P.2d 929].)

Judgment reversed. Case is remanded for consideration of the companion motion to strike.[7]

Trotter, P. J., and Sonenshine, J., concurred.

---

[7]See Civil Code section 3294.