[No. G000380. Fourth Dist., Div. Three. Jan. 30, 1985.]

BEN C. DEANE et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
CHARLES MILTON FISCHER et al., Real Parties in Interest.

COUNSEL

Sandler & Rosen and Charles L. Birke for Petitioners.

No appearance for Respondent.

Gould, Sayre & Chavez, Federico C. Sayre, Gregory M. Bergman and Gregory A. Wedner for Real Parties in Interest.

OPINION

CROSBY, J.—The superior court overruled defendants' demurrer and expunged plaintiffs' lis pendens under Code of Civil Procedure section 409.2, requiring defendants to post a $50,000 bond. Defendants seek extraordinary relief, claiming (1) the demurrer should have been sustained without leave to amend because a licensed broker failed to sign the real estate commission agreement and (2) the lis pendens should be expunged under Code of Civil Procedure section 409.1.

I

In 1978, Selma Allen, a licensed real estate salesperson, assisted Jurjen Van Der Wal in the acquisition of 23 acres of undeveloped land in Laguna Beach.[1] Before escrow closed, Van Der Wal agreed to form a partnership, Parksite Estates, with B. C. Deane Company, Inc. for the development and subdivision of the property for resale as luxury homesites. On August 3, 1978, before a formal partnership agreement was drafted, Allen, Van Der Wal, and Ben Deane signed a one-page handwritten contract giving Allen the exclusive right to list the property for sale in exchange for her assistance in developing and subdividing the property. The agreement also obligated Allen to pay Charles Fischer a finders fee and provided she would receive as a fee for her services one lot, if 24 were developed on the site, or, if fewer than 24 lots were developed, "5% of the project . . . ."

Several months later, Van Der Wal and B. C. Deane Company, Inc. executed a formal partnership agreement. As to Allen, the terms of the August 3, 1978, agreement were essentially retained, except her commission would

---

[1]For the purposes of this proceeding, we accept as true plaintiffs' allegations in the complaint. (*Cohen* v. *S & S Construction Co.* (1983) 151 Cal.App.3d 941, 944, fn. 3 [201 Cal.Rptr. 173].)

be limited to $135,000 if fewer than 24 lots were developed. The agreement further provided Allen would indemnify the partnership for any liability to Fischer for the finders fee. Allen was not a signatory to the partnership agreement.

When escrow closed, Allen was entitled to a commission of $33,000. The facts are not clear, but apparently she did not accept the sum and instead used it to pay third parties who performed services connected with the acquisition of the property. Allen continued to work on the project for the next several years and was the exclusive sales agent on behalf of her broker, William Singer of the Tierra Del Sol Realty Company. In 1982, the subdivision map dividing the property into 14 lots was approved. Defendants then repudiated the agreement and refused to pay Allen any commission.

On June 10, 1983, Charles Fischer, William Singer, and Tierra Del Sol Realty—but not Allen—sued Ben C. Deane, B. C. Deane Company, Inc., Parkside (*sic*) Estates, Jalson Company, Inc., and Larry Deane for general and punitive damages arising out of defendants' failure to honor their obligations under the August 3, 1978 agreement with Allen and the articles of partnership. The sixth cause of action alleged Allen "invested the sum of $33,000 in Parkside [*sic*] Estates" by providing services to defendants in that amount, creating a constructive trust on behalf of plaintiffs in the property. Based on this allegation, plaintiffs recorded a notice of lis pendens against the property. (Code Civ. Proc., § 409.)

Defendants demurred generally to the complaint and filed a motion to expunge the lis pendens under either Code of Civil Procedure section 409.1 or 409.2. Under the latter section, the party who successfully moves to expunge the lis pendens is required to post an undertaking sufficient to "indemnify the party recording the notice for all damages which he may incur if the notice is expunged and the moving party does not prevail and if the court finds that adequate relief can be secured to the party recording the notice by the giving of such undertaking"; no undertaking is required under the former section. The demurrer was overruled, and the court ordered the lis pendens expunged provided defendants posted a $50,000 bond.

Defendants sought extraordinary relief, and we issued an alternative writ. We now issue the peremptory writ.

## II

■ The demurrer to the complaint was improperly overruled. "A real estate salesperson cannot contract in his or her own name or accept compensation except from the broker under whom he or she is licensed. ([Bus.

& Prof. Code,] § 10137; *Grand* v. *Griesinger* (1958) 160 Cal.App.2d 397, 406 [325 P.2d 375].)" (*Merrifield* v. *Edmonds* (1983) 146 Cal.App.3d 336, 342-343 [194 Cal.Rptr. 104].) The complaint simply alleges: "Selma Allen, a duly licensed real estate sales person, licensed by the California Department of Real Estate, sales agent of TIERRA DEL SOL REALTY, and SINGER, broker, was employed by Jurjen Van Der Wal . . . as his agent for the purpose of procuring a suitable parcel of raw land to be subdivided, and thereafter developed." The complaint then asserts Allen entered into several agreements in her own name to receive a real estate commission for her efforts as exclusive sales agent for the project. Copies of all the agreements concerning Allen's role in the project are attached as exhibits to the complaint, and none even mentions Singer or Tierra del Sol Realty. Plaintiffs fail to allege Allen was authorized to, or did, contract on their behalf. Accordingly, the demurrer to the entire complaint should have been sustained.

Declarations in opposition to defendants' motion to expunge the lis pendens suggest Allen was in fact acting as the authorized agent of Tierra del Sol Realty and Singer in executing the commission agreement. Thus, plaintiffs may be able to plead around the deficiencies we have noted and should be permitted to amend the complaint to avoid the bar of Business and Professions Code section 10137, if possible.

### III

█ The issue of the propriety of the lis pendens is easily disposed of, as plaintiffs' reliance on *Coppinger* v. *Superior Court* (1982) 134 Cal.App.3d 883 [185 Cal.Rptr. 24] is obviously misplaced. There, plaintiff alleged she was fraudulently induced to purchase a home by the misrepresentations of the seller and real estate agent. She sought to rescind the sale and impose a constructive trust on the seller's new home based on the theory he acquired that property with her funds. Accordingly, she recorded a lis pendens on the seller's newly acquired property. The trial court denied the seller's motion to expunge the lis pendens, and the Court of Appeal affirmed in part on the constructive trust theory.

The Court of Appeal defined "constructive trust" as "an equitable remedy to prevent unjust enrichment and enforce restitution, under which one who wrongfully acquires property of another holds it involuntarily as a constructive trustee, and the trust extends to property acquired in exchange for that wrongfully taken. [Citations.]" (*Id.*, at p. 891.) The court agreed "an action to impose a constructive trust on real property is an action affecting title to or possession of real property" (*ibid.*) and supports the recording of a lis pendens. The court concluded, however, as the superior

court did here, that plaintiff's interest in the seller's property was "purely monetary" (*id.*, at p. 892), and the lis pendens should be expunged upon the posting of an undertaking pursuant to Code of Civil Procedure section 409.2. (*Ibid.*)

Here, the complaint alleges a constructive trust arose only as the result of *Allen's* "investment" in the property, i.e., the money she was never paid. Although at one time Allen had a potential interest in the property itself because the agreement provided she would be entitled to receive one lot if the property were subdivided into at least 24 lots, all parties concede the contingency entitling her to receive real property as compensation did not materialize. Also, Allen is neither a party to the lawsuit nor the one who recorded the lis pendens, and plaintiffs have failed to allege they have an interest in any money owing to her.

Even if plaintiffs amend the complaint to plead an interest in the money, however, they will not be entitled to maintain a lis pendens. Plaintiffs here did not surrender money to defendants as the result of the latters' allegedly fraudulent conduct, as in *Coppinger*. On the current record, defendants merely owe plaintiffs a debt at the most. But *Coppinger* in no way supports the notion that a constructive trust may be imposed and a lis pendens recorded to secure an ordinary business debt. A lis pendens is not a shortcut method of attachment for unsecured creditors.

The alternative writ is discharged. Let a peremptory writ of mandate issue directing the superior court to sustain defendants' demurrer with leave to amend and to order the lis pendens expunged under Code of Civil Procedure section 409.1. Petitioners are entitled to costs of this proceeding.

Trotter, P. J., concurred.

WALLIN, J.—I concur. But with respect to the question of the lis pendens, I would reexamine the constructive trust theory of *Coppinger* v. *Superior Court* (1982) 134 Cal.App.3d 883 [185 Cal.Rptr. 24], a questionable decision in my view. Although the majority sidesteps the issue by confining *Coppinger* to its facts, I would go further and expressly disapprove its holding.

Petitioners' application for a hearing by the Supreme Court was denied April 3, 1985.