[Civ. No. 27814. Fourth Dist., Div. Two. Aug. 10, 1982.]

DIANA COPPINGER et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
DIANE J. McKAY, Real Party in Interest.

COUNSEL

Callahan, McCune & Willis, Marnie A. Real and Charles F. Campbell for Petitioners.

No appearance for Respondent.

John W. Dumas for Real Party in Interest.

OPINION

**TROTTER, J.**—Diana and Donald Coppinger seek review by writ of mandate of an order denying their motion to expunge a notice of lis pendens recorded by Diane McKay.[1] (See Code Civ. Proc., § 409.4.) For convenience, the Coppingers are referred to as defendants rather than petitioners and real party in interest McKay is referred to as plaintiff.

Plaintiff has not made a return to the petition, but a writ petition "cannot be granted by default." (Code Civ. Proc., § 1088.) In the absence of a return, all proper allegations of the petition are deemed admitted and only legal issues remain for decision. (Code Civ. Proc., § 1094. See *Rodriguez* v. *Municipal Court* (1972) 25 Cal.App.3d 521, 526-527 [102 Cal.Rptr. 45].) Plaintiff has submitted points and authorities addressing the legal issues.

---

[1]Although the statutes refer to a "notice of pendency of action" rather than a "lis pendens" (see Code Civ. Proc., § 409 et seq.), our Supreme Court continues to prefer the Latin expression (see *Malcolm* v. *Superior Court* (1981) 29 Cal.3d 518 [174 Cal.Rptr. 694, 629 P.2d 495]) and we follow their lead.

In 1980 defendants were the owners of a one-story stucco frame residence at 16 Longstreet in Irvine, built within the preceding three years by Warmington Development, Inc. In June 1980, a termite inspection disclosed that termites were entering the wall between the living and dining rooms by a crack in the concrete slab. The infestation was treated by drilling through the slab and injecting chemicals into the soil beneath.

In July 1980, defendants agreed to sell the property to plaintiff for $152,000 and escrow was opened. Sandy Monahan, working under the broker's license of Aesop, Inc., made the sale. Escrow closed in September and plaintiff took possession. Defendants used the proceeds of sale to purchase a residence at 7 Chattanooga in Irvine.

In February 1981, plaintiff discovered termites on the interior walls in the living room, bathroom, and hallway. An inspection revealed additional cracks in the foundation, through which termites were travelling in large numbers.

In December 1981, plaintiff brought an action framed in five counts. Four counts of the verified complaint were against Warmington Development, Inc., on theories of negligence, breach of implied warranty, strict liability, and nuisance. The fifth count alleged that defendants knew the termite infestation was likely to recur in nontreated areas of the residence, that plaintiff was given no information about the termite problem until shortly before close of escrow, and that plaintiff was told by Sandy Monahan, the real estate salesman, that the problem had been completely corrected and the entire residence was guaranteed against termites for one year. These statements were false because the treatment and guarantee applied only to a small area of the residence. Plaintiff alleged that Monahan was acting as defendants' agent when he made the false statements, that the statements were intended to induce reliance, and that plaintiff would not have purchased the residence had she known the true facts. Plaintiff requested compensatory and punitive damages against Warmington and against defendants or, in the alternative, rescission of the sale and imposition of a constructive trust on defendants' property on Chattanooga.

On the day after the filing of the complaint, plaintiff had a notice of lis pendens recorded against the Chattanooga property. Defendants brought a motion to expunge the lis pendens, supported by a declaration of defendant Donald Coppinger, in which he denied discussing the ter-

mite report with plaintiff, denied knowledge of the extent of the termite damage or the probability of its recurrence, and stated that the lis pendens was preventing him from completing a sale of the Chattanooga property essential to an impending relocation of his family. Defendants also submitted a copy of a letter allegedly sent to them by plaintiff's attorney offering to settle the dispute for $1,947. Plaintiff filed points and authorities in opposition but did not submit declarations or other evidence. The motion to expunge was denied.

■ Defendants contend that the court was required to grant the expungement motion because plaintiff failed to meet her burden of proving that the action affects title to or the right to possession of real property and that plaintiff commenced the action for a proper purpose and in good faith.

Code of Civil Procedure section 409.1, which authorizes a motion to expunge a lis pendens, was enacted in 1968 to curb serious abuses. The original statute required the party seeking expungement to prove by clear and convincing proof that the action had been commenced for an improper purpose and not in good faith, but it was amended in 1976 to place the burden of proof on the party recording the lis pendens. Now that party, usually the plaintiff, must establish by a preponderance of the evidence that the action has been commenced for a proper purpose and in good faith. The party must also establish that the action affects title to or the right of possession of the real property described in the notice.

■ Defendants contend that plaintiff was required to produce some evidence to discharge her burden of proof. They maintain that the court was required to grant the motion to expunge because plaintiff failed to submit any declaration or other evidence. Plaintiff, on the other hand, maintains that she could and did rely on her verified complaint to discharge her burden of producing evidence.

A plaintiff may rely on a verified complaint to support an application for preliminary injunction. (Code Civ. Proc., § 527; *Continental Baking Co. v. Katz* (1968) 68 Cal.2d 512, 532 [67 Cal.Rptr. 761, 439 P.2d 889].) However, a party's own verified pleading may not be used as evidence for or against a summary judgment motion. (*Parker v. Twentieth Century-Fox Film Corp.* (1970) 3 Cal.3d 176, 181 [89 Cal.Rptr. 737, 474 P.2d 689, 44 A.L.R.3d 615].) Whether a party's own verified

pleading may be used to oppose a motion to expunge a lis pendens is a question which has not been expressly decided.

In *Malcolm v. Superior Court, supra,* 29 Cal.3d 518, the defendants maintained that the trial court erred in denying their expungement motion, arguing that their declarations established that the action lacked merit. Our Supreme Court rejected the contention, stating: "[T]he propriety of expungement does not depend upon the likely outcome of plaintiff's lawsuit, but rather upon the plaintiff's state of mind or motive in filing or prosecuting the action. [Citations.] [¶] . . . Because the question of a person's motive in filing a lawsuit relates primarily to his subjective state of mind, the issues of proper purpose and good faith must often be determined by inference from a variety of circumstantial evidence and we recognize that in some instances the patent lack of merit of a lawsuit may strongly suggest that the plaintiff has not filed the action for a proper purpose or in good faith. [¶] . . . [I]f a plaintiff in response to a motion to expunge fails to present by affidavit or other means even a 'prima facie' case on the merits of his claim, a trial court could appropriately conclude that the plaintiff has failed to meet his burden to demonstrate that the action is being prosecuted with the requisite good faith. Moreover, even when such a prima facie case is presented, if the party seeking expungement introduces evidence of the plaintiff's bad faith or improper purpose independent of the alleged weakness of the plaintiff's case, a trial court may properly consider the evidence relating to the merits of the action in determining whether or not to credit the independent evidence of bad faith. [¶] On the other hand, however, when—as in the instant case—a plaintiff has filed a verified complaint and a verified declaration stating that the action has been brought for a proper purpose and in good faith and setting forth a prima facie case in support of the action, we do not believe that a defendant may rebut the plaintiff's showing simply by presenting counteraffidavits which controvert the plaintiff's evidence and raise triable issues of fact on the merits of the case. . . . If there is no independent evidence of bad faith or improper purpose, we conclude that section 409.1 does not contemplate the expungement of the lis pendens in such a situation." (*Malcolm v. Superior Court, supra,* 29 Cal.3d 518, 528-529, fns. omitted.)

Nothing in *Malcolm* precludes a plaintiff from relying on a verified complaint to oppose an expungement motion. Indeed, the opinion refers to the verified complaint as one of the items on which the plaintiff was relying and implies that the reliance was proper. Moreover, a notice of

lis pendens and a preliminary injunction are both remedies to preserve the status quo pending the outcome of an action. As previously stated, a plaintiff may rely on a verified complaint to support an application for preliminary injunction and defendants have given us no reason to establish a different rule for expungement motions. Accordingly, we conclude that a plaintiff may rely on a verified complaint to oppose a motion to expunge a lis pendens. In the present case, this means that plaintiff did produce some evidence to discharge her burden of proof but the sufficiency of that evidence must be determined by examining the complaint in light of the specific facts which plaintiff was required to establish. (See 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 681, pp. 2304-2306.)

Defendants contend that plaintiff failed to discharge her burden of proving that the action was commenced for a proper purpose and in good faith. They maintain that plaintiff failed to establish a prima facie case and there was compelling evidence that the action for constructive trust was filed solely to force a favorable settlement of the action for damages.

Defendants assert there was no evidence to show that any proceeds derived from the sale of the Longstreet residence were used to purchase the Chattanooga property. We agree that allegations of the complaint should not be regarded as evidence unless it appears that plaintiff had personal knowledge of the subject matter. Plaintiff could reasonably assume that the proceeds were so used, however, and it would be unfair to require her to produce evidence on this issue so early in the proceedings before any discovery has occurred. Defendant Donald Coppinger's failure to deny this allegation in his declaration is sufficient evidence of its truth.

Defendants assert there was no evidence of fraud, but the verified complaint alleges that the real estate agent made untrue statements to plaintiff to induce her to complete the sale and she relied on them to her detriment. These allegations were made from plaintiff's personal knowledge and are sufficient to make out a prima facie case of fraudulent inducement.

Defendants contend that this evidence was refuted by the termite inspection report which plaintiff signed and which clearly states that the treatment and guarantee apply only to the location of treatment. Plaintiff alleged in the complaint that she asked the agent what the report

meant and she relied on his false statements concerning its contents. The report merely raised a triable issue of fact, which is not a proper ground for granting a motion to expunge a lis pendens.

Next, defendants contend that the letter sent them by plaintiff's attorney, before the lawsuit was filed, offering to settle for $1,947, is evidence that the damages alleged in the complaint were grossly inflated and that the action was filed for an improper purpose and in bad faith.

Evidence Code section 1154 provides: "Evidence that a person has accepted or offered or promised to accept a sum of money or any other thing, act, or service in satisfaction of a claim, as well as any conduct or statements made in negotiation thereof, is inadmissible to prove the invalidity of the claim or any part of it."

Citing Evidence Code section 1154, plaintiff objected in the trial court to the letter from her attorney and moved to strike it. Defendants have provided no argument or authority to oppose the motion to strike, and we conclude that it was well taken. Accordingly, we disregard the letter as evidence.

Finally, defendants contend that an action to impose a constructive trust on real property is not an action affecting title to or the right of possession of real property. We disagree.

Defendants' reliance on *Brownlee v. Vang* (1962) 206 Cal.App.2d 814 [24 Cal.Rptr. 158], is unjustified. The complaint alleged that the plaintiff was fraudulently induced to loan the defendant money, that the money was invested in a business, and that the profits of the business were used to buy real property, but there was no description of the real property in the complaint. The prayer sought an accounting and an order that the property was held as security for the money advanced. In a short opinion, the court held that the notice of lis pendens was properly expunged, stating that "the majority rule requires the complaint to set forth some cause of action affecting the title or right of possession of the *specific* real property described in the lis pendens." (At p. 817, italics supplied.)

Although the opinion is not as clear as it might be, we are satisfied that the basis of the decision was the failure to describe the property in the complaint, so that it was impossible to determine whether the com-

plaint and the notice of lis pendens referred to the same property. *Brownlee* was so interpreted in *Parker* v. *Superior Court* (1970) 9 Cal. App.3d 397, 399 [88 Cal.Rptr. 352]. Defendants assert that *Brownlee* was an action to impose a constructive trust and the holding means that such an action will not support a notice of lis pendens. Finding no language in the opinion to support this interpretation, and faced with a more plausible explanation, we conclude that *Brownlee* does not stand for that proposition.

Constructive trust is an equitable remedy to prevent unjust enrichment and enforce restitution, under which one who wrongfully acquires property of another holds it involuntarily as a constructive trustee, and the trust extends to property acquired in exchange for that wrongfully taken. (*Haskel Engineering & Supply Co.* v. *Hartford Acc. & Indem. Co.* (1978) 78 Cal.App.3d 371, 375 [144 Cal.Rptr. 189]; *Kraus* v. *Willow Park Public Golf Course* (1977) 73 Cal.App.3d 354, 373 [140 Cal.Rptr. 744].) An action to impose a constructive trust on real property has been held to be an action for the recovery of real property within the meaning of Code of Civil Procedure section 318 prescribing a five-year statute of limitations. (*Marshall* v. *Marshall* (1965) 232 Cal.App.2d 232, 250 [42 Cal.Rptr. 686].) We are satisfied that an action to impose a constructive trust on real property is an action affecting title to or possession of real property.

The preceding discussion disposes of the issues raised by defendants' motion to expunge under Code of Civil Procedure section 409.1 but their motion was under section 409.2 as well. That section provides that the court on motion may order a lis pendens expunged "if the moving party shall have given an undertaking of such nature, in such amount and within such time as shall be fixed by the court after notice and hearing, such undertaking to be to the effect that the moving party will indemnify the party recording the notice for all damages which he may incur if the notice is expunged and the moving party does not prevail and if the court finds that adequate relief can be secured to the party recording the notice by the giving of such undertaking."

Plaintiff's points and authorities in opposition to the motion to expunge argued that the full purchase price of $152,000 would be an appropriate amount for such an undertaking but otherwise did not oppose the section 409.2 motion. The trial court, however, did not fix any amount for an undertaking but flatly denied the motion to expunge in its entirety.

As pleaded in the complaint, the imposition of a constructive trust on the Chattanooga property was merely a means to recover the proceeds of sale of the Longstreet property in aid of the cause of action for rescission. Because plaintiff's interest in the Chattanooga property was purely monetary and an undertaking would be adequate to secure the relief requested by plaintiff, it was an abuse of discretion to deny the section 409.2 motion.

The task of fixing the amount of the undertaking is entrusted by statute to the discretion of the trial court and we will not interfere with the exercise of that discretion by expressing any opinion on that subject.

Let a peremptory writ of mandate issue directing the respondent court to grant the motion to expunge under Code of Civil Procedure section 409.2 on condition that defendants give an undertaking of such nature, in such amount and within such time as the respondent court shall determine. The alternative writ is discharged.

Kaufman, Acting P. J., and McDaniel, J., concurred.