[No. D001896. Fourth Dist., Div. One. July 27, 1984.]

NORTH COAST BUSINESS PARK, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
J. WILEY JONES et al., Real Parties in Interest.

**COUNSEL**

Luke R. Corbett, Michael H. Wexler and Ellsworth, Corbett, Seitman & McLeod for Petitioners.

No appearance for Respondent.

Charles C. Renshaw for Real Parties in Interest.

**OPINION**

**STANIFORTH, J.**—Real parties are three of an unknown number of limited partners in a partnership (PT I) which was formed to purchase and develop a tract of land. They received their collective 15 percent partnership interest plus monetary compensation in return for services rendered to the partnership. Financial difficulties made it necessary to transfer ownership of the property in order to secure new financing. The general partners of PT I undertook to form a second partnership (PT II) to which the property has been transferred. PT II executed promissory notes in favor of PT I in

the amount of approximately $3,750,000 secured by two deeds of trust on the property. Real parties brought suit, saying the property was transferred for $17,650,000 when it has a fair market value of $24,500,000. Their suit alleges breach of fiduciary duty, breach of agreement, fraud warranting imposition of a constructive trust and violations of the Penal Code. As part of the cause of action seeking a constructive trust, real parties filed a lis pendens on the property. Petitioner sought to have the lis pendens expunged based on Code of Civil Procedure sections 409.1 and 409.2. This was granted under Code of Civil Procedure section 409.2 on condition petitioner post a $1 million bond. Petitioner seeks to have the lis pendens expunged under Code of Civil Procedure section 409.1 so that no bond will be required.

Code of Civil Procedure section 409.1 reads in pertinent part: "At any time after notice of pendency of an action has been recorded pursuant to Section 409 or other law, the court in which the action is pending shall, upon motion of a party to the action supported by affidavit, order that the notice be expunged, unless the party filing the notice shows to the satisfaction of the court, by a preponderance of the evidence, that:

"(a) The action does affect title to or right of possession of the real property described in the notice . . . ."

Subsection (a) requires there be an action which affects title or right of possession. ■ An action to impose a constructive trust may be one affecting title to or possession of land (*Coppinger* v. *Superior Court* (1982) 134 Cal.App.3d 883 [185 Cal.Rptr. 24]; see *Kraus* v. *Willow Park Public Golf Course* (1977) 73 Cal.App.3d 354 [140 Cal.Rptr. 744]). ■ However, here the suit is not brought by the partnership entity. Rather, the plaintiffs are three individual members of the partnership who have brought suit as individuals. As such their interest is in the partnership not the land. An interest in a partnership is personal property (Corp. Code, § 15518). ■ ■ Just as partnership property is not available to satisfy a judgment against a limited partner in his individual capacity (*Evans* v. *Galardi* (1979) 16 Cal.3d 300 [128 Cal.Rptr. 25, 546 P.2d 313]), so individual limited partners do not have an interest in the partnership's real property, neither title to the property nor a right of possession, that can support the filing of a lis pendens.

The issues can be determined without further briefing and argument. Let a peremptory writ of mandate issue (Code Civ. Proc., § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359, 361 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165]) directing the Superior Court of San Diego County

to vacate that part of its order directing petitioner to post a $1 million bond as a condition of expunging the lis pendens.

Brown (Gerald), P. J., and Butler, J., concurred.