[No. G002884. Fourth Dist., Div. Three. Feb. 14, 1986.]

CHRISTINE MOSELEY et al., Petitioners, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
BOARD OF SUPERVISORS OF ORANGE COUNTY et al.,
Real Parties in Interest.

COUNSEL

Overland, Berke, Wesley, Gits, Randolph & Levanas, Standley L. Dorn, Ellen G. Winterbottom, Carlyle W. Hall, Jr., Bill Lann Lee, Marilyn O. Tesauro, Lucinda J. Peach and Lisa Foster for Petitioners.

No appearance for Respondent.

Ball, Hunt, Hart, Brown & Baerwitz, Allan E. Tebbetts, Michael A. Banzhaf, Agnes H. Mulhearn, Adrian Kuyper, County Counsel, Iryne C. Black and Benjamin P. De Mayo, Deputy County Counsel, for Real Parties in Interest.

William M. Pfeiffer and June Babiracki Barlow as Amici Curiae on behalf of Real Parties in Interest.

OPINION

**TROTTER, P. J.**—Petitioners sought a writ of mandate compelling the Superior Court to set aside an order expunging a lis pendens. This court summarily denied the petition. However, the California Supreme Court granted a petition for review and retransferred the matter to us with directions to issue an alternative writ. We have complied with the Supreme Court's direction, and now consider the petition on its merits.

Petitioner, Christine Moseley, is a moderate income resident of Orange County and a taxpayer. Petitioner Orange County Renters' Association is a group dedicated to protecting the rights of low and moderate income persons who are renters and potential first-time home purchasers.

In 1979, the Orange County Board of Supervisors adopted an inclusionary housing program which required 25 percent of all newly constructed for-sale housing be priced so as to be accessible to low and moderate income families. To further implement this plan, the Board adopted resale controls on bond-financed units in the form of attachments to grant deeds. The attachments were in the nature of options to repurchase and provided the County a period of time to find an income-eligible buyer to purchase the property at the controlled resale price.

On May 18, 1983, the board adopted Housing Element Amendment 83-1 which, in effect, repealed the resale controls imposed under the 1979 Housing Element. Petitioners filed the underlying action seeking repeal of the amendment, and, 18 months after filing their initial pleading, filed a lis pendens against 491 condominium units which formerly were subject to resale control under the 1979 Housing Element.

The trial court granted respondent's pretrial motion to expunge the lis pendens after finding that petitioners' action did not affect title or right of

possession to the 491 condominium units. Our analysis of petitioners' pleadings and the applicable law convinces us that the trial court was correct.

■ A notice of lis pendens may only be filed in an "action concerning real property or affecting the title or the right of possession of real property." (Code Civ. Proc., § 409.) As was explained by the court in *Brownlee* v. *Vang* (1962) 206 Cal.App.2d 814, 817 [24 Cal.Rptr. 158], ". . . the majority rule requires the complaint to set forth some cause of action affecting the title or right of possession of the specific real property described in the *lis pendens*. When it does not do so the *lis pendens* becomes a nullity, an unwarranted cloud on the title of the property it describes and the court having jurisdiction of the main action may on proper notice expunge the record of a *lis pendens* improperly recorded."

Code of Civil Procedure section 409.1 provides that a notice of lis pendens shall be expunged upon motion of a party to the action, "unless the party filing the notice shows to the satisfaction of the court, by a preponderance of the evidence, that: . . . [t]he action does affect title to or right of possession of the real property described in the notice;" and that the party filing the notice brought its action for a proper purpose and in good faith. Under this code section the burden is upon the party who recorded the lis pendens to show by a preponderance of evidence that the action affects title or right to possession. (See *Malcolm* v. *Superior Court* (1981) 29 Cal.3d 518, 525-526 [174 Cal.Rptr. 694, 629 P.2d 495]; *McKnight* v. *Superior Court* (1985) 170 Cal.App.3d 291, 302 [215 Cal.Rptr. 909].)

■ Petitioners' fourth amended petition for writ of mandate and complaint for injunctive relief contains 27 causes of action and is over 100 pages long. The crux of petitioners' complaint is an attack upon the legality of the 1983 amendment to the Housing Element on various statutory and constitutional grounds.

Petitioners' prayer for relief is 14 pages long. Basically petitioners want the county to rescind its approval of the amendment and stop its implementation in any respect, and reimpose the "preexisting resale controls (including County options to purchase) on government-assisted homes developed pursuant to the 1979 [Housing] Element."

The notice of lis pendens issued in this case affects 491 condominium units, none of whose owners are parties to this lawsuit. The condominium units were apparently subject to resale controls prior to the enactment of the 1983 Housing Element Amendment. Petitioners claim no interest in the properties. The county has no interest in the properties. The best that can be said is that petitioners are seeking to establish that the county have what-

ever property interest is involved in the resale controls which the county relinquished when it amended the Housing Element to the general plan.

The issue before us is unique. Is a suit seeking to force the county to adopt legislation reenacting resale controls, which may affect title to certain property in the future, sufficient to support a notice of lis pendens when none of the owners of that property are parties to the underlying suit? We do not believe the statutory lis pendens remedy as embodied in Code of Civil Procedure section 409 et seq. authorizes the use of lis pendens under these circumstances.

A litigant must have a claim affecting an interest in the property against which lis pendens is filed. (*North Coast Business Park* v. *Superior Court* (1984) 158 Cal.App.3d 858, 860 [205 Cal.Rptr. 81].) In the case before us, neither petitioners nor real parties have any such claim with respect to the burdened property. Petitioners argue their lack of any direct claim of ownership or possession to the condominium units is immaterial. They base their assertion on cases such as *Kendall-Brief Co.* v. *Superior Court* (1976) 60 Cal.App.3d 462 [131 Cal.Rptr. 515] and *Coppinger* v. *Superior Court* (1982) 134 Cal.App.3d 883 [185 Cal.Rptr. 24].

In *Kendall-Brief Co.* v. *Superior Court, supra,* 60 Cal.App.3d 462, a developer asserted an easement of access by way of a private street across plaintiffs' land. Without the easement, the developer's property was land-locked. In response to the developer's claim of an easement, plaintiffs filed an action to enjoin trespass, quiet title, enjoin violation of restrictive covenants, abate nuisance, etc. Plaintiffs also recorded a notice of lis pendens which described the claimed easement and the developer's property. The court described the issue as: ". . . whether the main action, involving the existence of an easement of right-of-way over the servient tenement [plaintiffs' land], affects the title or right of possession of the dominant tenement [developer's land]." (*Id.,* at p. 467.) The court concluded that, because the developer's land was landlocked, the action affected the right to possession of his land. It is true that the plaintiff in *Kendall-Brief* had no present interest in the developer's property. Still it is clear the action directly affected the developer's present possessory interest in that property. *Kendall-Brief* is inapposite here. Neither petitioners nor respondents have any claim involving a possessory interest in the 491 condominiums affected by the lis pendens filed herein.

Petitioners' reliance upon *Coppinger* v. *Superior Court, supra,* 134 Cal.App.3d 883 is equally misplaced. In that case the plaintiff alleged she was fraudulently induced to purchase a home by the misrepresentations of the seller and real estate agent. She sought to rescind the sale and impose a

constructive trust on the seller's new home based on the theory he acquired that property with her funds. She recorded a lis pendens on the seller's newly acquired property. The trial court denied the seller's motion to expunge the lis pendens, and the Court of Appeal affirmed, in part, on the constructive trust theory. The court stated, ". . . an action to impose a constructive trust on real property is an action affecting title to or possession of real property" (*id.*, at p. 891) and supports the recording of a lis pendens. The court concluded, however, that plaintiff's interest in the seller's property was "purely monetary" (*id.*, at p. 892), and the lis pendens should be expunged upon posting of an appropriate bond pursuant to Code of Civil Procedure section 409.2.

Of course, petitioners here do not allege a cause of action to impose a constructive trust on the 491 condominium units upon which they have filed lis pendens. In fact, the condominium owners are not even parties to this lawsuit. The theory of *Coppinger* is clearly inapplicable here.

The "constructive trust" theory of *Coppinger* is about as far as California courts have gone to extend lis pendens protection to a party who really has no present claim to an interest in or possession of the property on which the lis pendens has been imposed. In *Deane* v. *Superior Court* (1985) 164 Cal.App.3d 292 [210 Cal.Rptr. 406], this court refused to extend *Coppinger* beyond its facts. Plaintiffs in *Deane* attempted to base a lis pendens on a claim that belonged to a third party.

*Sheets* v. *Superior Court* (1978) 86 Cal.App.3d 68 [149 Cal.Rptr. 912] involved an action for specific performance of an option to purchase real property. Plaintiff also filed a notice of lis pendens. The appellate court upheld the trial court's refusal to expunge the lis pendens. Petitioners attempt to rely on this case claiming that the resale controls that the County used to have on the 491 condominium units were similar to options. Even assuming this were true, petitioners are not suing to enforce those options, they are attempting to force the County to reenact the controls which led to the existence of such options.

Petitioners argue, "[t]he gravamen of petitioners' complaint is that the Board of Supervisors could not legally abandon or terminate the County's resale control rights in the Attachment to Grant Deeds . . ." recorded with respect to the 491 units. Petitioners argue, if the court orders the resale controls reenacted, their suit will ultimately have an effect on title to the 491 units. Petitioners' argument misses the mark. Their lawsuit does not concern the 491 condominium units or affect the title or right to possession thereof. Their lawsuit concerns the legality of a county amendment to the Housing Element of the general plan. Under our existing statutory scheme,

a lawsuit which does not affect real property cannot support the filing of a lis pendens. (See *Allied Eastern Financial* v. *Goheen Enterprises* (1968) 265 Cal.App.2d 131 [71 Cal.Rptr. 126].) In *Allied Eastern* the plaintiff entered into a contract to secure a loan to finance proposed improvement of defendant's land, then sued defendant for an alleged breach of the contract. Plaintiff recorded a lis pendens against defendant's property. The appellate court affirmed an order expunging the lis pendens, stating: "Appellant concedes that its action does not affect title or possession of real property, but since it does remotely 'concern' real property argues that it may record the questioned notice. Such construction would go far beyond the common law rule, and would defeat the true purpose of the statute, which was to restrict, rather than to broaden, that rule." (*Id.*, at pp. 133-134.)

The history of our lis pendens legislation indicates a legislative intent to restrict application of the remedy rather than to expand it in the manner suggested by petitioners. Cases and legal literature have commented on the potential for abuse inherent in the use of lis pendens. The effect of a lis pendens is a cloud on the record title of the affected property for the duration of the lawsuit. It can be improperly used as a lever to force settlement for reasons having no relationship to a party's claim. (See *Malcolm* v. *Superior Court, supra,* 29 Cal.3d at p. 524; *McKnight* v. *Superior Court, supra,* 170 Cal.App.3d 291, 303; *Abuses of the California Lis Pendens: An Appeal for Legislative Remedy* (1966) 39 So.Cal. L.Rev. 108.) Here, we are faced with a misuse of the lis pendens remedy which clouds the title of numerous persons who are not even parties to the lawsuit. While petitioners' motives in filing lis pendens may have been laudable, this is a case where the ends cannot justify the means. In their zeal to protect the rights of low income persons, petitioners have run roughshod over the due process rights of the condominium homeowners.

Under the circumstances of this case, we hold the evidence was sufficient to sustain the trial court's determination that petitioners' action does not affect title to or possession of the real property described in the notice and that the trial court did not abuse its discretion in expunging the lis pendens. (See *Nash* v. *Superior Court* (1978) 86 Cal.App.3d 690, 700 [150 Cal.Rptr. 394] [disapproved on other grounds in *Malcolm* v. *Superior Court, supra,* 29 Cal.3d at p. 528, fn. 5]; *Trapasso* v. *Superior Court* (1977) 73 Cal.App.3d 561, 567 [140 Cal.Rptr. 820].)

Petitioners claim the trial court erred in awarding the county attorneys' fees in connection with the ruling on the expungement motion. Code of Civil Procedure section 409.3[1] authorizes an award of attorneys' fees to the

---

[1]Code of Civil Procedure section 409.3 provides: "When an order is made pursuant to Section 409.1 or Section 409.2 granting or denying a motion to expunge a notice of pendency of action, the order may direct that the prevailing party be awarded reasonable attorneys' fees and costs."

prevailing party when an order is made granting or denying a motion to expunge a lis pendens.

However, the county's entitlement to attorneys' fees in this case presents an interesting question. While petitioners misused the lis pendens remedy, the county's position in moving to expunge was also questionable. The county had no more interest in the condominium units than petitioners did and acted as a volunteer in seeking removal of the lis pendens. The trial court stated it was disposed to award fees, but reserved its ruling pending proof of fees actually incurred. Since no award has yet been made, we believe any discussion of the propriety of the award is premature.

The petition for writ of mandate is denied, the alternative writ is discharged and the temporary stay order issued by this court is dissolved.

Crosby, J., and Wallin, J., concurred.

A petition for a rehearing was denied March 12, 1986, and petitioners' application for review by the Supreme Court was denied May 1, 1986. Reynoso, J., and Grodin, J., were of the opinion that the application should be granted.