No. 87-156

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

JACK PAULSON and BUD GRANT,

        Plaintiffs and Appellants,

-vs-

ROBERT J. LEE and DOROTHY MARIE
LEE, husband and wife, LOUIS CROHN
and IRENE CROHN, husband ans wife,
ELMER SPRUNGER and MARIE SPRUNGER,
husband and wife, and ROBERT KELLER,

        Defendants and Respondents.

---

APPEAL FROM: District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Leif Erickson, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Richard DeJana, Kalispell, Montana

        For Respondent:

            Keller & German; Robert S. Keller, Kalispell,
Montana

---

Submitted on Briefs: Aug. 13, 1987

Decided: November 10, 1987

Filed: NOV 10 1987

*Ethel M. Harrison*

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

In this action for slander of title, the District Court for the Eleventh Judicial District, Flathead County, granted the defendants a directed verdict. Plaintiffs Paulson and Grant appealed, and the defendants cross-appealed. Our determination of the cross-appeal renders consideration of the other issues unnecessary. We vacate the judgment of the District Court which granted a directed verdict and direct the District Court to enter summary judgment for the defendants.

The issues are:

1. Did the District Court err when it ruled that the judge's order in Lee was the law of this case?

2. Does an action to stop the construction, sale, or lease of a four-unit dwelling affect the title or right of possession of real property within the meaning of § 70-19-102, MCA?

3. Did the District Court err when it denied the defense of privilege in filing notice of the pendency of the action (lis pendens)?

With the exception of Mr. Keller, all parties to the present case also were parties to the case of Lee v. Flathead County (Mont. 1985), 704 P.2d 1060, 42 St.Rep. 1258. In Lee Mr. Paulson and Mr. Grant were involved in the construction of a four-unit structure in a neighborhood where the Lees, the Crohns, and the Sprungers all lived. Mr. and Mrs. Sprunger lived adjacent to the construction. The neighbors became concerned about the construction project and hired Mr. Keller as their lawyer. Mr. Keller prepared a complaint which alleged that the building was being constructed in violation of subdivision regulations. In count one the complaint requested mandamus to compel county officials to

2

"enforce the prohibition against sale, lease or transfer of any unit of said building." In addition the complaint sought to enjoin construction and to enjoin county officials from granting subdivision approval. We are concerned here only with count one. At the time of filing the complaint in Lee, Mr. Keller filed a notice of lis pendens. The District Court then granted summary judgment to the defendants in Lee as to count one. As a part of that judgment the court concluded that the notice of lis pendens was improperly filed and ordered it removed. Subsequent to that summary judgment and prior to our decision on appeal, the legislature amended § 76-3-204, MCA. In the appeal of Lee, this Court held that the amendment controlled and that Paulson and Grant no longer were required to comply with subdivision regulations. We therefore affirmed the summary judgment of the District Court as to count one and affirmed the removal of the lis pendens.

Mr. Paulson and Mr. Grant, defendants in the first action, then brought this action for slander of title. They sought damages caused by the filing of the notice of lis pendens. The defendants moved for summary judgment on the grounds that the publication of lis pendens was privileged. The District Court, in an order dated March 6, 1987, denied summary judgment.

During the trial, after the plaintiffs had called various witnesses, the defendants moved for a directed verdict. The District Court granted a directed verdict for the defendants because of the failure of the plaintiffs to establish direct evidence of malice, an essential element in a slander of title action. Plaintiffs Paulson and Grant appeal. Defendants cross-appeal, contending that the District Court's refusal to grant summary judgment was error.

## I.

Did the District Court err when it ruled that the judge's order in Lee was the law of this case?

In a memorandum supporting the March 6, 1987, order denying defendants' motion for summary judgment, the District Court noted that the trial court in the previous case of Lee found that the lis pendens was not privileged because it had been improperly filed. The District Court in the present case then concluded that such prior determination by the District Court in Lee became the "law of the case" so that the issue could not be relitigated.

In this Court's opinion in Lee, 704 P.2d at 1063, we stated:

> The appellants also argue that the trial court erred in granting the respondents' motion to remove the notice of lis pendens. The trial court found that the lis pendens was improperly filed. In view of our decision on the first issue, we affirm the removal of lis pendens.

Our decision was based upon a statute enacted after the District Court decision. Because of that statute, the notice of lis pendens properly was removed. However, we did not rule on whether the notice was properly filed originally. Our decision on appeal was an affirmation of the result with regard to the lis pendens but not an affirmation of the reasoning of the District Court. As a result, the conclusion of the District Court that the notice was improperly filed no longer remained the law of the case. Our decision on appeal became the law of the case. We conclude that the District Court erred when it held that the trial judge's order in Lee was the law of the present case with regard to the improper filing of the notice of lis pendens.

4

## II

Does an action to stop the construction, sale, or lease of a four-unit dwelling affect the title or right of possession of real property within the meaning of § 70-19-102, MCA?

Section 70-19-102, MCA, reads:

> (1) In an action affecting the title or right of possession of real property . . . the plaintiff . . . and the defendant . . . may file in the office of the clerk and recorder of the county in which the property is situated a notice of the pendency of the action containing the names of the parties and the object of the action or defense and a description of the property in that county affected thereby.
>
> (2) From the time of filing of such notice only shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action and only of its pendency against parties designated by their real names.

Plaintiffs urge this Court to rule that the party filing a notice of lis pendens must claim a right to the title or possession of the subject property.

The language of the statute, however, does not suggest such a strict application, but, rather, demands only that the action _affect_ title or right of possession of real property. We believe this non-restrictive view reflects the purpose of the notice. As evident by subsection (2) of § 70-19-102, MCA, one vital purpose of the notice is to notify subsequent purchasers and encumbrancers of pending litigation. This provision protects the claimant should the claimant receive a favorable judgment. This was a principal concern for the defendants when they filed the 1984 action. A second purpose of the notice is to alert third parties interested in the subject property, thereby protecting them from litigation attendant to the property. See Fox v. Clarys (Mont. 1987),

738 P.2d 104, 106, 44 St.Rep. 1004, 1007. We hold that the defendants were not required to show an actual claim to title or possession of the subject property.

Even though the plaintiffs in Lee asserted no claim to the property, they asked generally for an injunction against the construction, sale, or lease of the property. Had the District Court ordered such an injunction, certainly the title and right of possession would have been affected.

The plaintiffs in Lee sought to enforce the subdivision regulations which would have placed certain building restrictions on the structure being constructed. Thus, the regulations would place a limitation on the owners' right to build on their property. The Colorado Supreme Court construed a substantially similar notice statute in Hammersley v. District Court (Colo. 1980), 610 P.2d 94. The plaintiff in that case brought an action against an adjacent landowner and sought to enforce protective covenants which limited construction within the subdivision. He also filed notice of lis pendens. After discussing the policy supporting lis pendens historically, the court went on to determine whether the notice was authorized in that particular situation as "affecting the title to real property."

> The instant case involves the extent of limitations on the rights of an owner of a lot in a subdivision to construct a residence on that property. Those rights are incidents of the owner's title. Although the present litigation does not seek to change ownership in any way, it does involve a determination of certain rights incident to ownership and in that sense affects title to real property. It will promote the finality of litigation and economy of judicial resources, will harm no legitimate interest of the owner, and will be fully consistent with the language of C.R.C.P.105(f) to hold that the instant case is one affecting title to real property within the meaning of that rule. We adopt that construction.

6

Hammersley, 610 P.2d at 96-97. We adopt that construction as well and conclude that the relief which the defendants sought would have affected title or right of possession of the subject property. Therefore, under the facts of this case, we hold that the notice of lis pendens was authorized by § 70-19-102, MCA.

## III

Did the District Court err when it denied the defense of privilege in filing notice of the pendency of the action (lis pendens)?

The District Court in its order and rationale stated,

> [I]t is the rule of this case that where the underlying action does not affect title or possession, as opposed to use, of real property a lis pendens is not permitted by statute and is not privileged. Were this not the rule, a groundless lis pendens could be filed with impunity in a simple money judgment action or in any action where title to or right to possession of [the property] is not actually affected.

As we have already stated, however, the underlying action did affect title to or possession of the subject property, thus the notice was permitted. Because the notice was authorized, it was privileged and not subject to a slander of title action. See Hauptman v. Edwards, Inc. (1976), 170 Mont. 310, 317, 553 P.2d 975, 979; Albertson v. Raboff (Cal. 1956), 295 P.2d 405, 409. We hold that the District Court improperly denied the defense of privilege in filing the notice of lis pendens.

We vacate the judgment of the District Court which granted a directed verdict, and we reverse the District Court's denial of the defendants' motion for summary judg-

ment. We direct entry of summary judgment for the defendants.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

8