**Certiorari Granted, August 2, 2010, No. 32,488**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2010-NMCA-072**

**Filing Date: June 8, 2010**

**Docket No. 28,802**

**HIGH MESA GENERAL PARTNERSHIP,**
a New Mexico general partnership,
**JON McCALLISTER, DAVID W. HARPER,**
and **PLACITAS, INC.**, a New Mexico corporation,

　　　**Plaintiffs-Appellants,**

**v.**

**WILLIAM J. PATTERSON III, JAMES LAWRENCE
SANCHEZ, and JAMES LAWRENCE SANCHEZ,
TRIAL LAWYER, P.C.**, a New Mexico professional
corporation,

　　　**Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**Louis E. DePauli, Jr., District Judge, sitting by designation**

Aldridge, Grammar, Jeffrey & Hammar, P.A.
David A. Grammar III
Albuquerque, NM

for Appellants

Hatch, Allen, & Shepherd, P.A.
E. W. Shepherd
Jake A. Garrison
Albuquerque, NM

for Appellee William J. Patterson III

Pedro G Rael, Trial Lawyer, P.C.
Pedro G. Rael

1

Los Lunas, NM

for Appellees James Lawrence Sanchez, and
James Lawrence Sanchez, Trial Lawyer, P.C.

## OPINION

**GARCIA, Judge.**

**{1}**     The issue before us is whether a notice of lis pendens is properly filed in connection with an appeal under Rule 1-074 NMRA (2007) (amended 2008) by a third party who does not have a personal interest in the title to the property. Under the circumstances in this case, the district court determined that the notice of lis pendens was appropriately filed. We affirm.

## BACKGROUND

**{2}**     Plaintiffs, High Mesa General Partnership, Jon McCallister, David W. Harper, and Placitas, Inc. (High Mesa), are owners and developers of certain real property located in Sandoval County. Defendant William Patterson III, a resident of Sandoval County, opposed High Mesa's preliminary subdivision plat application filed before the Board of County Commissioners for Sandoval County (County). High Mesa's preliminary plat application was approved by the County. After the County approved High Mesa's application in November 2006, Patterson hired an attorney, Defendants James Lawrence Sanchez and his professional corporation, to represent him. This representation involved an administrative appeal of the County's decision to approve High Mesa's preliminary subdivision plat application and later involved the filing of a notice of lis pendens.

**{3}**     High Mesa filed this separate civil complaint against all three Defendants, alleging that the filing of the notice of lis pendens with Patterson's administrative appeal was a malicious abuse of process and a prima facie tort that resulted in the loss of sales within its subdivision. In response to this separate complaint, Defendants filed a motion for judgment on the pleadings and to dismiss for failure to state a claim, or in the alternative for summary judgment, arguing that their use of a notice of lis pendens was proper and in accordance with NMSA 1978, Section 38-1-14 (1965). The district court reviewed the parties' pleadings and granted Defendants' motion for summary judgment. High Mesa appeals from the district court's order dismissing its two claims.

## ANALYSIS

### Standard of Review

**{4}**     We review the district court's granting of summary judgment de novo. *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Id.* "[W]e view the facts in the light most favorable to the

party opposing summary judgment, drawing all inferences in favor of that party." *Gormley v. Coca-Cola Enters.*, 2005-NMSC-003, ¶ 8, 137 N.M. 192, 109 P.3d 280 (internal quotation marks and citation omitted).

**Filing the Notice of Lis Pendens**

**{5}** The question before us is whether the filing of a notice of lis pendens under Section 38-1-14 was proper when it arose exclusively from Patterson's administrative appeal pursuant to Rule 1-074. Patterson had no other interest in the real property being subdivided. This issue of first impression is a legal question of statutory interpretation that we review de novo. *See Lion's Gate Water v. D'Antonio*, 2009-NMSC-057, ¶ 18, 147 N.M. 523, 226 P.3d 622. We must determine whether the Legislature intended to allow for the filing of a notice of lis pendens under the circumstances of this case. *See id.* ¶ 23 (stating that an appellate court seeks to give effect to the Legislature's intent when interpreting statutes). The plain language of the statute is the primary indicator of the Legislature's intent. *Id.* "When a statute contains language [that] is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *State ex rel. Helman v. Gallegos*, 117 N.M. 346, 351, 871 P.2d 1352, 1357 (1994) (internal quotation marks and citation omitted).

**{6}** Section 38-1-14 states in relevant part:

> In all actions in the district court of this state . . . affecting the title to real estate in this state, the plaintiff, at the time of filing his petition or complaint, or at any time thereafter before judgment or decree, may record with the county clerk . . . a notice of the pendency of the suit[.]

High Mesa argues that Patterson lacked legal standing under the statute to file the notice of lis pendens because he did not have a "claim to the property's title or have some other present interest in the subject property." The requirement that a party have an interest in the property before filing a notice of lis pendens is not set forth in the plain language of our statute. High Mesa nevertheless contends that the requirement is implicit in the statute because "it is the basis for notices of lis pendens in the first place." High Mesa in essence argues for a narrow interpretation of the term "affect," such that only a party with an interest in the title may be deemed to "affect" the title of the real estate. We disagree with High Mesa's interpretation of the statute because there is no evidence that the Legislature intended for such a narrow interpretation.

**{7}** One purpose for filing a notice of lis pendens is to protect a party's interest in the property. If a party has a personal interest in the property, the filing of a notice of lis pendens protects the party's interest by binding a subsequent purchaser to the "proceedings taken after the recording of the notice to the same extent as if [the purchaser] were made a party to the [underlying] action." *Id.*; *see Title Guar. & Ins. Co. v. Campbell*, 106 N.M. 272, 277, 742 P.2d 8, 13 (Ct. App. 1987) (explaining that if a judgment is rendered for the party

3

filing the notice of lis pendens, "the rights of that party relate back to the date of the notice"). However, there are other purposes for the filing a notice of lis pendens.

**{8}** The notice of lis pendens is also designed to protect unidentified prospective purchasers of property by alerting them to the existence of a lawsuit that could affect the title of the property. *See Paulson v. Lee*, 745 P.2d 359, 361 (Mont. 1987) (stating that a "second purpose of the notice [of lis pendens] is to alert third parties interested in the subject property, thereby protecting them from litigation attendant to the property"). As expressly stated in Section 38-1-14, the filing of said notice provides "constructive notice" to subsequent purchasers or encumbrancers of the property.

**{9}** Under the common law doctrine of lis pendens, which was in effect prior to the enactment of state statutes, "a purchaser of real property [that was] the subject of pending litigation [took] title subject to any adverse interests ultimately adjudicated in such litigation." *Hammersley v. Dist. Ct.*, 610 P.2d 94, 95 (Colo. 1980) (en banc). This lis pendens rule required all purchasers "to take notice, at their peril, of suits affecting the title to property[.]" *Id.* (internal quotation marks and citation omitted). The common law rule was harsh because "[i]t bound anyone who acquired an interest in property by the result of pending litigation involving that property even though the interest [in the property] was acquired without knowledge of the litigation." *Id.* at 96. In response to the severity of the common law rule of lis pendens, two things occurred. Courts limited lis pendens to cases "directly operating on title as distinguished from those dealing with use or possession[,]" and legislatures adopted "statutes providing for the registry or recording of notice of the pendency of certain actions." *Id.* at 95-96 (internal quotation marks and citation omitted); *see Kokoricha v. Estate of Keiner*, 2010-NMCA-053, ¶ 22, ___ N.M .___, ___ P.3d ___ (No. 29,204, May 6, 2010) (holding that if no notice of lis pendens has been filed, the subsequent purchaser is without constructive notice for purposes of determining whether that party is a bona fide purchaser). Once the statutory mechanism was in place for providing constructive notice and legal protection to subsequent purchasers of the property, the limitations in place under common law lis pendens were no longer necessary. *Hammersley*, 610 P.2d at 96 (explaining that under the common law lis pendens and prior to statutory requirements for filing a notice of lis pendens, "some courts limited the types of litigation within the rule to those claims directly operating on title").

**{10}** This shift in lis pendens jurisprudence is evident in New Mexico. Our Legislature enacted the original version of the lis pendens statute in 1873. § 38-1-14. Shortly after its enactment, the Territorial Court in *Bell v. Gaylord*, 6 N.M. 227, 233, 27 P. 494, 495 (1891) stated that "[t]he language of [the 1884 version of Section 38-1-14] is very plain, and sufficiently comprehensive to embrace 'all actions in the district courts' affecting the title to real estate, whether at law or in equity." Subsequent cases affirmed the underlying principles of the lis pendens statute by concluding that the filing of a notice of lis pendens is merely "a republication of the pleadings filed in the pending judicial proceedings." *Title Guar. & Ins. Co.*, 106 N.M. at 277, 742 P.2d at 13; *see Superior Const., Inc. v. Linnerooth*, 103 N.M. 716, 719, 712 P.2d 1378, 1381 (1986) (Stowers, J., dissenting) ("The notice of lis

4

pendens is purely incidental to the action wherein it is filed, and refers specifically to such action and has no existence apart from that action."). The plain language of the statute along with its well-developed history establish that where a party has standing to file a lawsuit in district court affecting the title to real property, Section 38-1-14 allows for the filing of a notice of lis pendens in connection with the pending lawsuit. Filing a notice of lis pendens thus is not limited to those cases in which the adverse party claims a beneficial interest in the title to the property.

**{11}** Given the plain language of the statute, we do not adopt the strict interpretation of "affect" asserted by High Mesa. The Legislature intended to allow the filing of a lis pendens under the circumstances of this case. The notice protected subsequent purchasers and advanced the purpose of the statute. Judicial finality and economy were advanced because the public had notice concerning the pending litigation involving High Mesa's subdivision. To restrict the filing of a notice of lis pendens to circumstances where the filing party has an actual interest in the property would contradict both the plain language and the purpose of the statute. *See Superior Const., Inc.*, 103 N.M. at 719, 712 P.2d at 1381 (stating that a "notice of lis pendens may be properly filed [when a] plaintiff pleads a cause of action which involves or affects the title to, *or any interest in or a lien upon*, specifically described real property" (alteration omitted) (emphasis added) (internal quotation marks and citation omitted)); *see also Paulson*, 745 P.2d at 361 (holding that the defendant did not have to show an actual claim to title in order to file a notice of lis pendens); 14 Richard R. Powell, *Powell on Real Property* § 82A.02[4][a] at 82A-15 (Michael Allan Wolf ed., Matthew Bender 2008) (1949) ("Any legal action at law or suit in equity that involves property that will be affected by a judgment or decree may be the basis for applying the lis pendens doctrine.").

**{12}** High Mesa directs this Court's attention to several cases it claims support its position. These cases are distinguishable from the case before us. Although the district court in *Ruiz v. Varan* found that the notice of lis pendens was improperly filed in part because "a claim of title was never involved in the [underlying] litigation[,]" the actual issue being addressed on appeal involved the measurement of damages. 110 N.M. 478, 479-80, 797 P.2d 267, 268-69 (1990). The Supreme Court never addressed an issue of statutory construction under the lis pendens statute, and the damages issue in *Ruiz* is not relevant to the issue raised by High Mesa in the present case. In *Moseley v. Superior Court*, 223 Cal. Rptr. 116, 116-17 (Ct. App. 1986), the underlying suit giving rise to the filing of the notice of lis pendens involved a lawsuit seeking to repeal an amendment to a local law enacted by the county board of supervisors that could ultimately have an effect on 491 condominium units governed under the provisions of said law. The trial court held the lawsuit "did not affect title or right of possession" of the properties. *Id.* at 117. The California appellate court agreed and held that the underlying suit attacking the legality of the law had only a potential impact on the title to the property identified in the lis pendens and was too remote and indirect to meet the requirement of affecting the title or right of possession of the property as set forth in the lis pendens code. *Id.* at 117-19. Unlike the underlying suit in *Moseley*, the appeal in this case will directly affect the title to the subdivision.

5

**{13}** *McCarthy v. Hurley*, 510 N.E.2d 779, 781-82 (Mass. App. Ct. 1987) is the most analogous case cited by Defendants. The court in *McCarthy* held that an appeal challenging the lawfulness of a subdivision plat approved by town agencies did not affect the title for purposes of filing a notice of lis pendens when the appealing party did not have an interest in the title of the property. *Id.* This holding represents a split among various jurisdictions regarding what is necessary to justify filing a notice of lis pendens. *See, e.g.*, *N. Coast Bus. Park v. Super. Ct.*, 205 Cal. Rptr. 81, 82 (Ct. App. 1984) (holding that the party filing suit must have a real interest in the property that affects the title to the property to support the filing of a notice of lis pendens). On the surface, the holding in *McCarthy* seems to be directly contrary to our position in this case. However, a closer reading of *McCarthy* reveals that the Massachusetts statutory scheme for public notice in the context of subdivision development approvals justified the limitation imposed by the court for the filing of a notice of lis pendens in land development appeals. In Massachusetts, there are separate provisions for notifying potential purchasers of litigation involving the subject property. *McCarthy*, 510 N.E.2d at 781 (explaining that for cases involving the subdivision control statute, G.L. c. 41, § 81BB, the subdivision control act "provides for notice of such litigation to the public at large by requiring the filing of notice with the town clerk of any appeal from a subdivision approval"). In addition, it is unlikely the subdivision would be developed in lieu of a pending appeal. *Id.* at 782 (explaining that G.L. c. 41, § 81X prohibits the recording of a subdivision plat unless the city or town clerk certifies that a final judgment has been entered in any appeal of the final plat approval). Thus, the Massachusetts public is not solely reliant on the notice of lis pendens for notification of pending litigation in situations like the present case. With public protections in place, the *McCarthy* court determined the lis pendens statute was not intended to include suits that were covered under the subdivision control statute and did not involve claims of an interest in title. *Id.* Since we do not have these same statutory protections in New Mexico, we are not persuaded to follow the holding of the court in *McCarthy*.

**{14}** The factual circumstances of the case before us provide an excellent example of why the lis pendens statute applies to all claims that would directly affect the title to a specific parcel of real property. Although Patterson did not have a personal interest in the title to the subdivision, it is not disputed on appeal that Patterson had standing to file the appeal in district court. *See* NMSA 1978, § 47-6-15(B) (2005) (stating that "[a] party who is or may be adversely affected by a decision of the board of county commissioners may appeal to the district court"). The notice of lis pendens served as a republication of the pending appeal. Without the notice of lis pendens or some other form of legal notification filed with the county clerk's office, the public and potential purchasers would not have known that the approval of the subdivision and title to the resulting lots were tied up in litigation. Numerous unknowing parties could have been injured if High Mesa had proceeded with lot sales before the district court ruled on the validity of the preliminary plat approval. Instead, the notice of lis pendens in the real property records with the county clerk alerted the public to the pending litigation.

**{15}** Patterson's appeal in this case fits squarely within our interpretation of Section 38-1-

14. The purpose of High Mesa's plat application was to divide a large parcel of land into smaller, individual lots, *see* NMSA 1978, § 47-6-2(K), (M) (2009), and to describe the placement of utility and infrastructure easements, roads, land boundaries, and uniform restrictions upon subsequent use of the property. *See* NMSA 1978, §§ 47-6-3 (1996), 47-6-5 (1996), 47-6-11 (2009), 47-6-19 (1996). As a result of the subdivision process, title for High Mesa's larger parcel of property would have been altered. Patterson's appeal sought to limit or prevent the division of High Mesa's larger parcel of land into smaller lots. The titles to the subdivided lots were clearly subject to change based upon the district court's ruling in Patterson's appeal, and therefore the title was affected by the suit. *Cf. Hammersley*, 610 P.2d at 95-97 (holding that a proceeding to enforce adherence to building code requirements set forth in restrictive covenants affected title to the property).

**Failing to Seek a Stay Under Rule 1-074(S)**

{16}    High Mesa next asks us to reverse the district court's judgment because Defendants never sought a judicial order staying the proceedings under Rule 1-074(S). High Mesa argues that since the notice of lis pendens effectively acted as a stay when it clouded the subdivision title, Defendants should have followed the requirements for filing a stay under Rule 1-074(S). High Mesa's argument that Defendants were trying to effect a stay via a notice of lis pendens is incorrect. High Mesa confuses the markedly different reasons for a stay and a notice of lis pendens. Defendants were not seeking a stay of High Mesa's preliminary subdivision plat. Such an action would have stopped High Mesa from taking any further action based upon its preliminary plat approval. Instead, Defendants, in filing the notice of lis pendens, were only notifying the public and any subsequent purchasers of the lawful appeal that could affect title to High Mesa's property. Although purchasers may choose to wait or postpone their closings until the administrative appeal is resolved, High Mesa would not be prevented from proceeding with the approval process beyond the preliminary phase.

{17}    Defendants did not have an obligation to seek a stay in connection with the appeal. Rule 1-074(S) states that a "party appealing a decision or order of an agency *may* petition the district court for a stay of enforcement of the order or decision of the agency." (Emphasis added.) Under Rule 1-074(S), parties have discretion in requesting a stay because no language in the rule under Subsection (S) requires a party to seek a stay during an administrative appeal. Defendants were given the right to decide whether they wanted to ask the court to issue a stay and stop the administrative process while the appeal was pending. Defendants were under no obligation to seek a stay. Furthermore, the district court has discretion to award a stay. *Id.* ("Upon notice and hearing, the district court may grant a stay of enforcement of the order or decision of the agency[.]"). High Mesa has failed to provide us with any authority for its position that Defendants were required to obtain a stay under Rule 1-074(S) prior to filing the notice of lis pendens. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that if a party did not present the appellate court with authority to support its argument, the court will assume no such authority exists). We conclude Defendants did not err in failing to obtain a stay under Rule 1-074(S) prior to

filing the notice of lis pendens.

**Summary Judgment was Proper**

**{18}** We have concluded that Defendants' filing of the notice of lis pendens was not improper. As a result, High Mesa has failed to prove an element of its malicious abuse of process claim. *See Durham v. Guest*, 2009-NMSC-007, ¶ 29, 145 N.M. 694, 204 P.3d 19 (explaining that one of the elements for the tort of malicious abuse of process is "the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge"). Consequently, the district court did not err in granting summary judgment on this claim.

**{19}** In order to prove the prima facie tort claim, High Mesa had to prove Defendants' filing of the notice of lis pendens was committed "with the intent to injure [them], or, in other words, without justification[.]" *Schmitz v. Smentowski*, 109 N.M. 386, 395, 785 P.2d 726, 735 (1990). In its complaint, High Mesa, without citing any evidence, alleged that Defendants intended for the recording of the notice of lis pendens to injure them. On appeal, High Mesa continues to argue that Defendants acted without justification in filing the notice of lis pendens and that "Defendants' requisite injurious intent could be inferred from their conduct in bypassing the stay provisions of Rule 1-074(S)[.]" We have already concluded that Defendants' filing of a notice of lis pendens was appropriate and that Defendants were not obligated under Rule 1-074 to seek a stay before filing a notice of lis pendens. *See Lexington Ins. Co. v. Rummel*, 1997-NMSC-043, ¶ 12, 123 N.M. 774, 945 P.2d 992 (stating that in proving prima facie tort, "[p]laintiffs bear a heavy burden to establish intent to injure"). High Mesa also argues that the district court should not have granted summary judgment on the prima facie tort claim since Defendants did not move for summary judgment on that claim. We disagree because the district court could sua sponte grant summary judgment as long as summary judgment was proper. *See Martinez v. Logsdon*, 104 N.M. 479, 483, 723 P.2d 248, 252 (1986) (indicating that the district court could sua sponte grant summary judgment since there were no material issues of fact). As a result, the district court did not err in granting summary judgment in favor of Defendants on the prima facie tort claim.

**CONCLUSION**

**{20}** We affirm the district court for the foregoing reasons.

**{21}** **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

8

_____

**MICHAEL E. VIGIL, Judge**


_____

**ROBERT E. ROBLES, Judge**

**Topic Index for _High Mesa Gen. P'ship v. Patterson_, No. 28,802**

| | |
|---|---|
| **CP** | **CIVIL PROCEDURE** |
| CP-SJ | Summary Judgment |
| | |
| **PR** | **PROPERTY** |
| PR-LP | Lis Pendens |
| PR-SU | Subdivisions |
| PR-TL | Titles |
| | |
| **TR** | **TORTS** |
| TR-MA | Malicious Abuse of Process |
| TR-PF | Prima Facie Tort |
| | |
| **ST** | **STATUTES** |
| ST-IP | Interpretation |